1  Kevin C. McCann (SB# 120874)
   PAUL, HASTINGS, JANOFSKY & WALKER LLP
2  55 Second Street
   Twenty-Fourth Floor
3  San Francisco, CA 94105
   United States of America
4  Telephone: (415) 856-7000
   Facsimile: (415) 856-7100
5  Email:  kevinmccann@paulhastings.com

6  Robert M. Masters (Bar No. 435623)
   (*pro hac vice* application pending)
7  Timothy P. Cremen (Bar No. 478705)
   (*pro hac vice* application pending)
8  Bhaskar Kakarla (Bar No. 488976)
   (*pro hac vice* application pending)
9  PAUL, HASTINGS, JANOFSKY & WALKER LLP
   875 15th St., N.W.
10 Washington, DC 20005
   Telephone:  (202) 551-1700
11 Facsimile:  (202) 551-1705
   Email:  robertmasters@paulhastings.com
12 Email:  timothycremen@paulhastings.com
   Email:  bhaskarkakarla@paulhastings.com
13
   Attorneys for Defendant
14 AEROMECHANICAL SERVICES LTD.

15

16                  UNITED STATES DISTRICT COURT

17                 NORTHERN DISTRICT OF CALIFORNIA

18                     SAN FRANCISCO DIVISION

19

| | |
|---|---|
| STAR NAVIGATION SYSTEMS GROUP LTD.,<br><br>Plaintiff,<br><br>v.<br><br>AEROMECHANICAL SERVICES LTD.,<br><br>Defendant. | CASE NO. C 07-4820 (MMC)<br><br>**[PROPOSED] ORDER GRANTING AEROMECHANICAL SERVICES LTD.'S MOTION TO DISMISS STAR NAVIGATION SYSTEMS GROUP, LTD.'S COMPLAINT**<br><br>Date:  January 11, 2008<br>Time:  9:00 am<br>Place: Courtroom 7, 19th Floor<br>Honorable Maxine M. Chesney |

1    IT IS HEREBY ORDERED THAT:

2    Star Navigation Systems Group Ltd.'s ("Star") complaint is DISMISSED under Federal Rules of Civil Procedure 12(b)(1), (2) and (7).

4    Star's complaint is dismissed under Federal Rules of Civil Procedure 12(b)(7) because Star, which is only a licensee, has failed to join the owners of the '852 Patent. Star has alleged only that it is an "exclusive licensee" of the '852 Patent. *See* Complaint, D.I. 1, ¶4. Exclusive licensees must join the patent owners to satisfy prudential standing concerns. *Morrow v. Microsoft Corp.*, 499 F.3d 1332, 1339-1341 (Fed. Cir. 2007). For a licensee to sue in its own name, it has to be a *de facto* assignee of "all substantial rights" in the patent. *Int'l Gamco, Inc. v. Multimedia Games, Inc.*, 2007 U.S. App. LEXIS 24099, *7 (Fed. Cir. 2007). Star has not alleged that it has been given "all substantial rights," and a review of the License between the owners (Messrs. Kapadia and Vieira) and Star confirms that "all substantial rights" to the '852 Patent have not been transferred.

14   Star's complaint is dismissed under Federal Rule Civil Procedure 12(b)(1) because Star has not shown that it has standing to bring an infringement action with respect to the patent-in-suit. Star "has the burden of establishing the elements required for standing." *Takhar v. Kessler*, 76 F.3d 995, 1000 (9th Cir.1996). Star cannot meet is burden here, because of the ongoing dispute between Star and Vieira in Canada.

19   Star's complaint is dismissed under Federal Rule Civil Procedure 12(b)(2) because this Court cannot reasonably be said to have personal jurisdiction over AMS. AMS has no corporate presence, and conducts no business in California. This Court cannot be said to have general jurisdiction over AMS, because AMS's contacts with the forum are not "substantial, continuous and systematic" (*Doe v. Unocal Corp.*, 248 F.3d 915, 923 (9th Cir. 2001)), and do not "'approximate physical presence' in the forum state" (*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004)). Nor can this Court be said to have specific jurisdiction over AMS because: (1) AMS has not purposefully availed itself of the privileges of conducting activities in California; (2) Star's claim does not arise out of, or result from, AMS's activities in

1  California; and (3) the exercise of jurisdiction over AMS is not reasonable. *Pennington Seed. Inc.*

2  *v. Produce Exchange No. 299*, 457 F.3d 1334, 1344 (Fed. Cir. 2006).

3

4  Dated:                              By: _____
                                              Hon. Maxine M. Chesney
5                                             U.S. District Judge

6  LEGAL_US_E # 77418004.1

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. C 07-4820 (MMC)    -2-    [PROPOSED] ORDER GRANTING
AEROMECHANICAL SERVICES LTD.'S
MOTION TO DISMISS