# EXHIBIT E

**Attachments:**            437686.DOC


437686.DOC (78 KB)

-----Original Message-----
From: Daniel Albers [mailto:Daniel.Albers@BTLaw.com]
Sent: Monday, December 10, 2007 11:33 AM
To: Masters, Robert M.
Cc: Jeffrey Ruppel; jlee@gcalaw.com
Subject: Star Nav v. AMS

12/10/07
Robert-as discussed in our phone call this morning, attached are Star Navigation's proposed 30b6 and individual deposition notices and document riders for jurisdiction discovery relating to your motion to dismiss. We have arbitrarily selected December 20 and 27,2007 for the deposition dates but , of course, will reschedule based on mutually agreeable dates.
    Please advise if you will agree to jurisdiction discovery and to continue the date for our response to your motion from December 21,2007 until 14 days after we complete the discovery and to reschedule the hearing date of 1/11/08.
    I also suggested we agree to ask the court to continue the initial CMC and all related dates until after disposition of your motion. Please advise on that as well.
    As to the merits of your motion, I have to say I am somewhat surprised. The license covers all transportation uses of the patent in issue. All the claims include a transportation vehicle as an element so even if you are correct that it is a field of use license, the field of use covers the entire patent and there is no danger to AMS of multiple suits as your motion suggests. I respectfully request that you withdraw the motion re standing.
    As for personal jurisdiction, again I am surprised by the motion. AMS has sold or leased its AFIRS technology to Aloha Airlines that runs daily flights in and out of a number of California cities, including Oakland. AMS must be receiving and processing data from Aloha airplanes while they are in California and then sending it back to Aloha. Thus, there is daily and repeated "contact" with California with respect to the specific alleged acts of infringement in this matter, regardless of whether there is general jurisdiction. We believe there is jurisdiction in California, and San Francisco is a much more convenient and a less expensive place to litigate than Hawaii or New York--as both parties are in Canada. I again respectfully request you withdraw the personal jurisduction motion and file an answer.
    In any event, please advise re the discovery so we can bring a motion to get it should you not agree.

Very Truly Yours
Dan Albers