**EXHIBIT F**

Paul Hastings

Paul, Hastings, Janofsky & Walker LLP
875 15th Street, N.W.
Washington, DC 20005
telephone 202-551-1700 ▪ facsimile 202-551-1705 ▪ www.paulhastings.com

Atlanta
Beijing
Brussels
Chicago
Hong Kong
London
Los Angeles
Milan
New York
Orange County
Palo Alto
Paris
San Diego
San Francisco
Shanghai
Tokyo
Washington, DC

202.551.1838
timothycremen@paulhastings.com

December 14, 2007                                                                      73430.00002

**VIA E-MAIL**

Daniel P. Albers
Barnes & Thornburg, LLP
One Wacker Dr.
Suite 4400
Chicago, IL    60606-2809

Re:   *Star Navigation Systems Group, Ltd. v. Aeromechanical Services, Ltd.*
       United States District Court for the Northern District of California
       3:07-CV-04820-MMC

Dear Mr. Albers:

We are in receipt of your December 10, 2007 e-mail regarding the above captioned action.

## *I. Standing*

In your e-mail, you state that the "license covers all transportation uses of the patent in issue" and "the claims include a transportation vehicle," and therefore conclude that "the field of use covers the entire patent and there is no danger to AMS of multiple suits." This analysis is incorrect, both factually and as a matter of law.  Unless you join the two inventors as parties to this action, we strongly urge you to dismiss the case at this time. Moreover, in light of Mr. Vieira's claims in his lawsuit against Star, we believe it best that you resolve that matter before attempting to proceed in the U.S. against AMS.  Needless to say, AMS will not withdraw its motion.

## *II. Non-Infringement*

Star has evidently not performed even the simplest analysis of AMS's systems *vis-à-vis* the '852 Patent, and has not considered pertinent legal authority regarding infringement.

The asserted claims of the '852 Patent are directed to a process, the infringement of which cannot be found under § 217(a) if <u>any claimed step</u> is performed outside of the United States. *NTP, Inc. v. Research in Motion, Ltd.*, 418 F.3d 1282, 1318 (Fed. Cir. 2005).  Many of the functions of AMS's airliner monitoring system, AFIRS/UPTIME, are performed by

Daniel P. Albers
December 14, 2007
Page 2

UPTIME servers located in Canada. Thus, even if the asserted claims of the patent-in-suit could possibly be read on AFIRS/UPTIME, there can be no finding of infringement.[1]

There are also several technical differences between AFIRS/UPTIME and the asserted claims. These differences are substantial and readily apparent when even a cursory review of AFIRS/UPTIME and the claims is performed. We question whether Star has undergone the level of scrutiny required to assert infringement.

Accordingly, standing aside, Star does not have a basis in law or fact to bring an infringement action against AMS's AFIRS/UPTIME system based on the '852 Patent.

### *III. Personal Jurisdiction*

In your e-mail, you requested that AMS provide discovery related to personal jurisdiction of California over AMS. We are inclined not to agree to provide such discovery, for at least the following reasons.

First, in view of Star's lack of standing to bring this suit, and in view of the clear non-infringement of AMS's system, we believe Star's suit to be meritless. Continuing to pursue this lawsuit only adds to the legal costs for both companies.

Second, Star needed a factual basis to file this suit in California. Although Star failed to provide any explanation of this basis in the complaint, you now allege that Aloha's actions of flying in and out of California somehow provide personal jurisdiction over AMS in California. But, that is not the law. *See Red Wing Shoe Co., Inc. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355 (Fed. Cir. 1998). Aloha is in control of where it flies, not AMS. Thus, Star's basis for alleging that California has personal jurisdiction over AMS must be something other than Aloha's actions.

Third, your requested discovery topics are not narrowly tailored to the issue at hand – whether California can exert personal jurisdiction over AMS. The only relevant facts are the activities of AMS in California. Nothing AMS, or its customers, have done outside of California is relevant. Nor is anything AMS's customers have done in California relevant. Further, your requested discovery topics suffer from a number of other defects. We cannot agree to provide a witness to testify, or documents responsive to, these requests without their appropriate restriction to the relevant issues.

Fourth, your document requests seek information and testimony regarding topics that Mr. Jacobs has already indicated do not exist – in his sworn statement attached to *AMS's Motion to Dismiss*. We have again confirmed that no such information exists. According to our understanding, AMS has leased AFIRS units to Aloha. Aloha installs and maintains those units. AMS has never traveled to California to meet with Aloha, or to provide any

---

[1] AMS does not concede that the asserted claims read on AFIRS/UPTIME in any way.

Daniel P. Albers
December 14, 2007
Page 3

service or support to Aloha.  Further, we confirm the following (most of which is covered by Mr. Jacobs's sworn statement), to the best of our understanding:

- No employee, vendor, contractor, partner, service provider or associate has ever traveled to California on behalf of AMS.
- AMS has not conducted business in California.
- AMS has not traveled to, or sent communications into and out of, California for the purposes of its business.
- AMS owns no assets in California.
- AMS has conducted no research in California.
- AMS has not provided any service, repairs or support of its systems in California.
- AMS has not provided services or support to customers in California.
- AMS has not solicited business or customers in California.
- AMS has not tested or developed its systems in California.
- Other than AFIRS units on Aloha's planes, AMS has no receivers, computers, base-stations, facilities, distribution centers, or offices located in California.
- All of AMS's FAA-related testing took place outside of California.

Lastly, you indicate in your e-mail that "San Francisco is a much more convenient and a less expensive place to litigate than Hawaii or New York - as both parties are in Canada." We do not agree, and in any event convenience does not trump legal standing and/or personal jurisdiction.

Nevertheless, to help speed the resolution of this dispute, if Star still wishes to take a deposition, AMS will produce a corporate designee in Calgary on December 20, 2007 for four hours.  The deposition will be limited to the specific issue of what contacts AMS has or has had with or in the State of California and/or whether there have been any activity by AMS in the State of California.  The witness will not disclose confidential information of AMS's customers.  The witness will also not disclose any of AMS's confidential information unless we agree to a suitable protective order in the interim..

Mr. Gonzales is not available until after January 15th because of pre-planned vacation. However, the deposition of AMS will demonstrate that there is no basis to allege personal jurisdiction in the State of California.  Taking the deposition of a sales representative in the State of Florida will not change the facts.

Daniel P. Albers
December 14, 2007
Page 4


### IV. Star Should Dismiss This Suit Now

There are numerous issues above that call into question Star's allegations of infringement and the commencement of this suit. If Star continues to pursue this litigation, AMS will reserve its rights to seek costs, attorneys' fees and sanctions

### V. Star's Interference With AMS's Customers

It has also come to AMS's attention that Star has been discussing the above-captioned action with one of AMS's customers, Lotus Air. Star has claimed to Lotus that AMS will be prevented from providing AFIRS/UPTIME services to them in view of the current dispute. We would ask that you communicate to your client the impropriety of such an interference in the business of AMS, and ensure that Star does not continue with such practices.

### VI. Schedule

If Star wishes to conduct a corporate deposition of AMS, we are willing to discuss a revised hearing date. However, we will not agree to put this hearing off for an extended period of time.

Please let us know how Star intends to proceed.

Sincerely,


Robert M. Masters
Timothy P. Cremen
for PAUL, HASTINGS, JANOFSKY & WALKER LLP

TPC:TPC

cc:   Kevin C. McCann
      Bhaskar Kakarla