# EXHIBIT H

**Cremen, Timothy P.**

| | |
|---|---|
| **From:** | Daniel Albers [Daniel.Albers@BTLaw.com] |
| **Sent:** | Tuesday, December 18, 2007 4:35 PM |
| **To:** | Cremen, Timothy P. |
| **Cc:** | Masters, Robert M. |
| **Subject:** | Re: |
| **Attachments:** | First Amended Complaint.pdf |



First Amended Complaint.pdf (1...

```
             12/18/07
Rob and Tim,
     Thank you for your letter of 12/14/07. This letter is not intended
to be an exhaustive response, but please be advised that we do not agree
with any of your assertions.
     Attached please find a cc of Star Navigation's First Amended
Complaint filed with the court today. Please advise if you intend to
reassert your motion to dismiss as to the first amended complaint and,
if you do, please consult with me re the hearing date, as I will wish to
ask the court for discovery before we respond to the merits of the
motion, as outlined in my prior email.
     With respect to standing, you claim my position is legally and
factually incorrect but provide no support for that assertion. If you
have something you want me to consider please advise. The license covers
transportation uses of the patent. Every claim includes a transportation
vehicle as an element. There is nothing covered by the patent that is
not encompassed by the license. So your client is not threatened with
multiple suits. As for the patent owners, they do not need to be joined
and both consented to Star bringing the infringement suit in any event.
Mr. Vieira's lawyer sent us a letter earlier this year confirming that.
     With respect to non-infringement, the asserted claims of the
original suit and now the first amended complaint were not and are not
limited to the method claims so even if your legal argument were correct
it does not apply here.
     At p.2 of your letter you claim there are evident technical
differences between AFIRS/UPTIME and the asserted claims of the patent
in suit. You do not identify them. If there is something you want us to
consider please advise.
     With respect to personal jurisdiction, we again respectfully
disagree. We want at least the discovery I already sent you. We will
also probably want some discovery as to AMS' operating United States
subsidiaries. I will send you what we propose on that. Please confirm
you will not provide the discovery voluntarily and we will seek leave of
court to pursue it.
     You claim California is not the most convenient forum for you to
litigate. If you have some other suggestion please advise. For example,
if AMS agrees to jurisdiction in Hawaii or New York please advise and we
will consider those venues rather than pursuing discovery on and
fighting re California.
     Finally, you made a vague reference to Lotus. I do not understand
what you are claiming Star said to Lotus or how it is improper. Please
clarify. I am not aware that Star made any improper or actionable
statements to Lotus.
Very Truly Yours
Dan Albers
312-214-8311

>>> "Cremen, Timothy P." <timothycremen@paulhastings.com> 12/14/2007
```

11:53 AM >>>
Dear Mr. Albers:

Please find attached our response to your Dec. 10 e-mail.

Best,

Tim

_____
_____

Timothy P. Cremen | Paul, Hastings, Janofsky & Walker LLP | 875 15th Street, N.W., Washington, D.C. 20005 | direct: 202 551 1838| main: 202 551 1700 | direct fax: 202 551 0238| timothycremen@paulhastings.com | www.paulhastings.com <http://www.paulhastings.com/>


_____
***********************************************************
IRS Circular 230 Disclosure:   As required by U.S. Treasury Regulations governing tax practice, you are hereby advised that any written tax advice contained herein was not written or intended to be used (and cannot be used) by any taxpayer for the purpose of avoiding penalties that may  be imposed under the U.S. Internal Revenue Code.
***********************************************************

This message is sent by a law firm and may contain information that is privileged or confidential.  If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

For additional information, please visit our website at www.paulhastings.com.



-----------------------------------------
CONFIDENTIALITY NOTICE:  This email and any attachments are for the exclusive and confidential use of the intended recipient.  If you are not the intended recipient, please do not read, distribute or take action in reliance upon this message. If you have received this in error, please notify us immediately by return email and promptly delete this message and its attachments from your computer system.  We do not waive attorney-client or work product privilege by the transmission of this message.

TAX ADVICE NOTICE:  Tax advice, if any, contained in this e-mail does not constitute a "reliance opinion" as defined in IRS Circular 230 and may not be used to establish reasonable reliance on the opinion of counsel for the purpose of avoiding the penalty imposed by Section 6662A of the Internal Revenue Code.  The firm provides reliance opinions only in formal opinion letters containing the signature of a partner.