1  DANIEL P. ALBERS (admitted *pro hac vice*)
   JEFFREY A. RUPPEL (admitted *pro hac vice*)
2  BARNES & THORNBURG LLP
3  One N. Wacker Drive, Suite 4400
   Chicago, IL 60606
4  Phone No.: (312) 357-1313
5  Fax No.: (312) 759-5646
   Email: dalbers@btlaw.com
6  Email: jruppel@btlaw.com

7  CHRISTINE H. MCCARTHY (admitted *pro hac vice*)
8  BARNES & THORNBURG LLP
   750 17th Street N.W., Suite 900
9  Washington, D.C. 20006-4675
   Phone No.: (202) 289-1313
10 Fax No.: (202) 289-1330
11 Email: cmccarthy@btlaw.com

12 JEFFREY K. LEE, CA Bar No. 212465
   KIMBERLY A. DONOVAN, CA Bar No. 160729
13 GCA LAW PARTNERS LLP
   1891 Landings Drive
14 Mountain View, CA 94043
   Phone No.: (650) 428-3900
15 Fax No.: (650) 428-3901
   Email: jlee@gcalaw.com
16 Email: kdonovan@gcalaw.com

17 Attorneys for Plaintiff STAR NAVIGATION SYSTEMS GROUP LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| STAR NAVIGATION SYSTEMS GROUP LTD.,<br><br>Plaintiff,<br><br>v.<br><br>AEROMECHANICAL SERVICES LTD.,<br><br>Defendant. | Case No. C 07-4820 MMC<br><br>**[PROPOSED] ORDER DENYING DEFENDANT'S SECOND MOTION TO DISMISS; AND GRANTING LEAVE TO CONDUCT JURISDICTIONAL DISCOVERY**<br><br>Honorable Maxine M. Chesney<br>Date: January 25, 2008<br>Time: 9:00 a.m.<br>Place: Courtroom No. 7, 19th Floor |

Case No. C 07-4820 (MMC)
[Proposed] Denying Motion to Dismiss

Before the Court is Defendant Aeromechanical Services Ltd.'s ("AMS'") Second Motion to Dismiss Plaintiff Star Navigation Systems Group Ltd.'s ("Star's") First Amended Complaint. Star alleges in the First Amended Complaint that AMS has infringed U.S. Patent No. 7,113,852 (the "'852 patent").

AMS first disputes Star's standing to sue in its own name, pursuant to Fed. R. Civ. P. 12(b)(1), based on arguments that Plaintiff's exclusive license precludes this suit and covers a limited field of use. But that license grants to Star all substantial rights in the patent-in-suit, including the right to bring the instant action without the licensor-inventors' participation. The alleged restriction in the license with regard to "Transportation Applications" does not limit Star's rights to practice the '852 patent because the patent covers only "transportation vehicles," by its plain claim terms. Star has standing to sue and the Motion to Dismiss for lack of subject matter jurisdiction is hereby DENIED.

AMS next argues that the two inventors are indispensable parties that must be joined as party-plaintiffs to prevent multiple lawsuits under Fed. R. Civ. P. 12(b)(7). Yet both inventors declined to sue AMS, while authorizing Star to file this suit pursuant to the terms of the license. The motion to dismiss for failure to join the inventors is hereby DENIED.

AMS also claims that this Court cannot exercise personal jurisdiction over AMS because it lacks contacts to California, requiring dismissal pursuant to Fed. R. Civ. P. 12(b)(2). Star presents *prima facie* evidence supporting personal jurisdiction, *inter alia*, due to AMS' (1) active product distribution to registered California businesses operating regularly at California airports and (2) regular, ongoing communications between AMS and its clients that are necessary for use of the accused product within the State.

The record of jurisdictional evidence appears incomplete at this time. The substantive

Case No. C 07-4820 (MMC)
[Proposed] Denying Second Motion to Dismiss

evidence presented by AMS in the form of the declaration of its President, Darryl Jacobs, is inconsistent with parts of the AMS 2004, 2005 and 2006 Annual Reports. It also appears incomplete and is therefore not credible. That testimony may be addressed by Star through jurisdictional discovery. The motion to dismiss for lack of personal jurisdiction is DENIED without prejudice.

In light of the jurisdictional discovery sought by Star, the Court adopts the following schedule to allow the completion of expedited jurisdictional discovery and a full briefing of the factual and legal issues presented by AMS' Motion to Dismiss:

    A. *Jurisdictional Discovery Period*: Star shall have a sixty (60) day period for jurisdictional discovery, commencing upon the filing date of this Order.

    B. *Expedited Discovery Schedule*:

        (1) AMS shall respond to Star's First Set of Requests for Production of Documents and Things within fourteen (14) days of the filing date of this Order;

        (2) all future responses to written discovery requests shall be reduced from thirty (30) days to fourteen (14) days;

        (3) third-party responses to any subpoena duces tecum shall occur within seven (7) days; and

        (4) all depositions shall take place on seven (7) days notice.

    C. *Briefing on Defendant's Motion to Dismiss*: Star shall have an enlargement of time to file a supplemental response to AMS' Motion to Dismiss up to and including twenty-one (21) days after the close of jurisdictional discovery. AMS shall have up to and including fourteen (14) days to file a reply in support of its Motion to Dismiss.

Case No. C 07-4820 (MMC)
[Proposed] Denying Second Motion to Dismiss

D. **Hearing Date on Defendant's Motion to Dismiss**: A hearing date will be scheduled upon the parties advising the Court of the completion or close of jurisdictional discovery and complete submission of all briefing on the Motion to Dismiss.

Finally, AMS claims that it should receive an award of attorney's fees for "reviewing and responding to the First Amended Complaint." Such an award is unwarranted and AMS' request is hereby DENIED.

IT IS SO ORDERED,

DATED: _____     _____
                                                                          MAXINE M. CHESNEY
                                                                          UNITED STATES DISTRICT JUDGE

Case No. C 07-4820 (MMC)
[Proposed] Denying Second Motion to Dismiss