**EXHIBIT 41**

## Jeffrey Lee

**From:**    ECF-CAND@cand.uscourts.gov
**Sent:**    Tuesday, December 18, 2007 12:51 PM
**To:**    efiling@cand.uscourts.gov
**Subject:** Activity in Case 3:07-cv-04820-MMC Star Navigation Systems Group Ltd. v. Aeromechanical Services Ltd.
Amended Complaint

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing.**

U.S. District Court
Northern District of California
**Notice of Electronic Filing or Other Case Activity**

NOTE: Please read this entire notice before calling the Help Desk. If you have questions, please email the Help Desk by replying to this message; include your question or comment along with the original text.

Please note that these Notices are sent for all cases in the system when any case activity occurs, regardless of whether the case is designated for e-filing or not, or whether the activity is the filing of an electronic document or not.

If there are **two** hyperlinks below, the first will lead to the docket and the second will lead to an e-filed document.
*If there is no second hyperlink, there is no electronic document available* .
See the FAQ posting 'I have a Notice of Electronic Filing that was e-mailed to me but there's no hyperlink...' on the ECF home page at https://ecf.cand.uscourts.gov for more information.

The following transaction was received from by Lee, Jeffrey entered on 12/18/2007 12:50 PM PST and filed on 12/18/2007
**Case Name:**    Star Navigation Systems Group Ltd. v. Aeromechanical Services Ltd.
**Case Number:**    3:07-cv-4820
**Filer:**    Star Navigation Systems Group Ltd.
**Document Number:** 28

**Docket Text:**
**AMENDED COMPLAINT against all defendants. Filed byStar Navigation Systems Group Ltd.. (Lee, Jeffrey) (Filed on 12/18/2007)**

**3:07-cv-4820 Notice has been electronically mailed to:**

Daniel P Albers    dalbers@btlaw.com, ppeggs@btlaw.com

Kimberly Ann Donovan    kdonovan@gcalaw.com, ternst@gcalaw.com

Jeffrey Kenton Lee    JLee@gcalaw.com, Ternst@gcalaw.com

Kevin C. McCann    kevinmccann@paulhastings.com, bhaskarkakarla@paulhastings.com, rebeccatorres@paulhastings.com, robertmasters@paulhastings.com, timothycremen@paulhastings.com

Christine Hoeft McCarthy    christine.mccarthy@BTLaw.com

Jeffrey Andrew Ruppel    jruppel@btlaw.com

**3:07-cv-4820 Notice has been delivered by other means to:**

Timothy P. Cremen
Paul Hastings Janofsky & Walker LLP
875 - 15th Street, NW
Washington, DC 20005

Bhaskar Kakarla
Paul Hastings Janofsky & Walker LLP
875 - 15th Street, NW
Washington, DC 20005

Robert M Masters
Paul Hastings Janofsky & Walker LLP
875 - 15th Street, NW
Washington, DC 20005

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**G:\WP\S\Star Navigation\Star v AMS - First Amended Complaint_FINAL.pdf
**Electronic document Stamp:**
[STAMP CANDStamp_ID=977336130 [Date=12/18/2007] [FileNumber=3997065-0]
[3ae3b2729a0d66cb25d804b904a2f64b427c5ffe1530e97dea719a34020d3e7f629a
b142c09d13a6806e4622fcb0217c96116902cea083e160052784d134cb93]]

**EXHIBIT 42**

**Jeffrey Lee**

| | |
|---|---|
| From: | Daniel Albers [Daniel.Albers@BTLaw.com] |
| Sent: | Tuesday, December 18, 2007 1:35 PM |
| To: | Timothy P. Cremen |
| Cc: | Robert M. Masters |
| Subject: | Re: |



First Amended
Complaint.pdf (1...
                    12/18/07

Rob and Tim,
    Thank you for your letter of 12/14/07. This letter is not intended to be an
exhaustive response, but please be advised that we do not agree with any of your
assertions.
    Attached please find a cc of Star Navigation's First Amended Complaint filed with the
court today. Please advise if you intend to reassert your motion to dismiss as to the
first amended complaint and, if you do, please consult with me re the hearing date, as I
will wish to ask the court for discovery before we respond to the merits of the motion, as
outlined in my prior email.
    With respect to standing, you claim my position is legally and factually incorrect
but provide no support for that assertion. If you have something you want me to consider
please advise. The license covers transportation uses of the patent. Every claim includes
a transportation vehicle as an element. There is nothing covered by the patent that is not
encompassed by the license. So your client is not threatened with multiple suits. As for
the patent owners, they do not need to be joined and both consented to Star bringing the
infringement suit in any event. Mr. Vieira's lawyer sent us a letter earlier this year
confirming that.
    With respect to non-infringement, the asserted claims of the original suit and now
the first amended complaint were not and are not limited to the method claims so even if
your legal argument were correct it does not apply here.
    At p.2 of your letter you claim there are evident technical differences between
AFIRS/UPTIME and the asserted claims of the patent in suit. You do not identify them. If
there is something you want us to consider please advise.
    With respect to personal jurisdiction, we again respectfully disagree. We want at
least the discovery I already sent you. We will also probably want some discovery as to
AMS' operating United States subsidiaries. I will send you what we propose on that. Please
confirm you will not provide the discovery voluntarily and we will seek leave of court to
pursue it.
    You claim California is not the most convenient forum for you to litigate. If you
have some other suggestion please advise. For example, if AMS agrees to jurisdiction in
Hawaii or New York please advise and we will consider those venues rather than pursuing
discovery on and fighting re California.
    Finally, you made a vague reference to Lotus. I do not understand what you are
claiming Star said to Lotus or how it is improper. Please clarify. I am not aware that
Star made any improper or actionable statements to Lotus. Very Truly Yours Dan Albers
312-214-8311

>>> "Cremen, Timothy P." <timothycremen@paulhastings.com> 12/14/2007
11:53 AM >>>
Dear Mr. Albers:

Please find attached our response to your Dec. 10 e-mail.

Best,

Tim


Timothy P. Cremen | Paul, Hastings, Janofsky & Walker LLP | 875 15th Street, N.W.,

Washington, D.C. 20005 | direct: 202 551 1838| main: 202 551 1700 | direct fax: 202 551 0238| timothycremen@paulhastings.com | www.paulhastings.com <http://www.paulhastings.com/>

**************************************************************
IRS Circular 230 Disclosure:    As required by U.S. Treasury Regulations governing tax practice, you are hereby advised that any written tax advice contained herein was not written or intended to be used (and cannot be used) by any taxpayer for the purpose of avoiding penalties that may  be imposed under the U.S. Internal Revenue Code.
**************************************************************

This message is sent by a law firm and may contain information that is privileged or confidential.  If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

For additional information, please visit our website at www.paulhastings.com.

1  DANIEL P. ALBERS (admitted *pro hac vice*)
   JEFFREY A. RUPPEL (admitted *pro hac vice*)
2  BARNES & THORNBURG LLP
3  One N. Wacker Drive, Suite 4400
   Chicago, IL 60606
4  Phone No.: (312) 357-1313
5  Fax No.: (312) 357-1313
   Email: dalbers@btlaw.com
6  Email: jruppel@btlaw.com

7  CHRISTINE H. MCCARTHY (admitted *pro hac vice*)
8  BARNES & THORNBURG LLP
   750 17th Street N.W., Suite 900
9  Washington, D.C. 20006-4675
   Phone No.: (202) 289-1313
10 Fax No.: (202) 289-1330
11 Email: cmccarthy@btlaw.com

12 JEFFREY K. LEE, CA Bar No. 212465
   KIMBERLY A. DONOVAN, CA Bar No. 160729
13 GCA LAW PARTNERS LLP
   1891 Landings Drive
14 Mountain View, CA 94043
   Phone No.: (650) 428-3900
15 Fax No.: (650) 428-3901
   Email: jlee@gcalaw.com
16 Email: kdonovan@gcalaw.com

17 Attorneys for Plaintiff
18 STAR NAVIGATION SYSTEMS GROUP LTD.

19                    UNITED STATES DISTRICT COURT

20                    NORTHERN DISTRICT OF CALIFORNIA

21                      SAN FRANCISCO DIVISION

22 STAR NAVIGATION SYSTEMS GROUP LTD.,   )   Case No. C 07-4820 (MMC)
23                                        )
              Plaintiff,                  )
24                                        )   **FIRST AMENDED COMPLAINT**
25 v.                                     )
                                          )   **DEMAND FOR JURY TRIAL**
26 AEROMECHANICAL SERVICES LTD.,          )
                                          )   Honorable Maxine M. Chesney
27            Defendant.                  )
28

   Case No. C 07-4820 (MMC)                        1
   FIRST AMENDED COMPLAINT

Case 3:07-cv-04820-MMC    Document 28    Filed 12/18/2007    Page 2 of 6

1    Plaintiff, STAR NAVIGATION SYSTEMS GROUP LTD., ("Star Navigation") for

2    its First Amended Complaint against Defendant, AEROMECHANICAL SERVICES LTD.,

3    ("AMS") alleges and states:

4

5                                        **PARTIES**

6    1.    Star Navigation is a Canadian corporation, with its principal place of

7    business in Toronto, Ontario Canada.

8    2.    AMS is a Canadian corporation with its principal place of business in

9

10   Calgary, Alberta Canada.

11                              **JURISDICTION AND VENUE**

12   3.    This is a complaint for patent infringement pursuant to 35 U.S.C. § 271 *et*

13   *seq.* This court has subject matter jurisdiction over Star Navigation's claims pursuant to 28

14

15   U.S.C. §§ 1331 and 1338.

16   4.    AMS is doing business and has committed acts of infringement, including

17   those alleged herein, within the State of California and/or this judicial district, subjecting it

18   to the jurisdiction of this Court  and making venue proper in this district pursuant to 28

19

20   U.S.C. §§ 1391 and 1400.

21                              **INTRADISTRICT ASSIGNMENT**

22   5.    This is an Intellectual Property Action within the meaning of Civil Local

23   Rule 3-2(c), and is to be assigned on a district-wide basis.

24

25                              **STAR NAVIGATION'S PATENT**

26   6.    On September 26, 2006 United States Patent No. 7,113,852 ("the '852

27   patent") entitled "System and Method for Transportation Vehicle Monitoring, Feedback

28

Case No. C 07-4820 (MMC)                      2
FIRST AMENDED COMPLAINT

and Control" was duly and legally issued to Viraf S. Kapadia and Hilary Viera and assigned to Star Navigation. A true and correct copy of the '852 patent is attached as Exhibit A.

7.    Inventors Viraf S. Kapadia and Hilary Viera have entered into an agreement providing Star Navigation an exclusive license to the '852 patent.

## DEFENDANT'S INFRINGEMENT

8.    AMS has been and still is infringing the '852 patent by importing, making, selling, using, operating, supporting, and/or offering to sell devices and/or systems embodying one or more claims of the '852 patent, or inducing or contributing to the infringement by others of the '852 patent, and will continue to do so unless enjoined by this Court.

9.    AMS has been, and still is infringing, at least claim 23 of Star Navigation's '852 patent by importing, making, selling, using, operating, supporting, and/or offering to sell devices and/or systems including at least AMS's Automated Flight Information Reporting System model 200, (hereinafter referred to as the "Infringing System"). AMS is also inducing or contributing to the infringement by others of the '852 patent, including at least claim 23, by selling or offering to sell to third parties, with the intent to induce infringement, at least the Infringing System.

## THE HARM TO STAR NAVIGATION

10.    AMS, by its infringing conduct and/or its inducement of infringement by others, has caused Star Navigation irreparable harm for which there is no adequate remedy at law.

11.    AMS has engaged in its conduct wilfully and in complete disregard of,

1  and/or with indifference to, Star Navigation's rights and interests.

2      12.    Star Navigation has suffered and will suffer damage as a result of

3
   defendant's infringement.
4

5      13.    This is an exceptional case as that term is defined in 35 U.S.C. §285.

6

7      WHEREFORE, Star Navigation prays that this Court:

8      1.    Enjoin AMS and its officers, agents, servants, employees and attorneys, and

9
   those in active concert or participation with them, who receive actual notice of the Order,
10

11 from importing, manufacturing, using, selling, operating, supporting, and/or offering for

12 sale, devices and/or systems which infringe the '852 patent.

13     2.    Issue an order directing AMS and its officers, agents, servants, employees

14
   and attorneys and those in active concert or participation with them who receive actual
15

16 notice of the Order, to destroy all molds, machines, tooling, or other equipment used in the

17 manufacture, operation, and support of devices and/or systems infringing the '852 patent.

18     3.    Award Star Navigation monetary damages adequate to compensate Star

19
   Navigation for past infringement consistent with 35 U.S.C. § 284, up to and including
20

21 treble the amount of actual damages assessed, together with costs and prejudgment interest.

22     4.    Award Star Navigation its reasonable attorneys' fees pursuant to 35 U.S.C.

23 § 285.

24     5.    Grant and award any and all relief found necessary and proper under these

25
   circumstances.
26

27                                    **JURY DEMAND**

28  Star Navigation requests a trial by jury on all its claims.

1  | Dated: December 18, 2007

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

Daniel P. Albers
Jeffrey A. Ruppel
Christine H. McCarthy
BARNES & THORNBURG LLP

*Local Counsel*:

Jeffrey K. Lee, State Bar No. 212465
Kimberly A. Donovan, State Bar No. 160729
GCA LAW PARTNERS LLP

By:  ___/s/ Jeffrey K. Lee_____.
        Attorneys for Plaintiff STAR
        NAVIGATION SYSTEMS GROUP
        LTD.

Case No. C 07-4820 (MMC)
FIRST AMENDED COMPLAINT

1

## CERTIFICATE OF SERVICE

2

3       The foregoing document has been electronically filed with the Clerk of the Court

4   this day through the Court's ECF system, which will provide electronic mail notice and

5   service to all counsel of record, as listed below:

6
            Kevin C. McCann
7           Paul, Hastings, Janofsky & Walker LLP
            55 Second Street
8           Twenty-Fourth Floor
            San Francisco, CA 94105
9           Telephone: (415) 856-7000
            Facsimile: (415) 856-7100
10          E-mail: kevinmccann@paulhastings.com
11
            Robert M. Masters
12          Timothy P. Cremen
            Bhaskar Kakarla
13          Paul, Hastings, Janofsky & Walker LLP
            875 15th Street, N.W.
14          Washington, DC 20005
             Tel: (202) 551-1700
15          Fax: (202) 551-1705
            E-mail: robertmasters@paulhastings.com,
16          timothycremen@paulhastings.com, bhaskarkakarla@paulhastings.com
17

18

19

20   Dated: December 18, 2007                        ___/s/ Jeffrey K. Lee_____.
                                                         Jeffrey K. Lee
21

22

23

24

25

26

27

28   CHDS01 JRUPPEL 439354v1


     Case No. C 07-4820 (MMC)
     FIRST AMENDED COMPLAINT

**EXHIBIT 43**

**Jeffrey Lee**

| | |
|---|---|
| **From:** | Cremen, Timothy P. [timothycremen@paulhastings.com] |
| **Sent:** | Friday, December 21, 2007 5:12 PM |
| **To:** | Daniel Albers |
| **Cc:** | Masters, Robert M.; Kakarla, Bhaskar; McCann, Kevin C. |
| **Subject:** | Star v. AMS Matter |



(07-12-21) Letter
to BT.pdf (2...

<<(07-12-21) Letter to BT.pdf>> Dear Mr. Albers,

Please find attached a letter regarding the Star v. AMS matter.

Best,

Tim

Timothy P. Cremen | Paul, Hastings, Janofsky & Walker LLP | 875 15th Street, N.W.,
Washington, D.C. 20005 | direct: 202 551 1838| main: 202 551 1700 | direct fax: 202 551
0238| timothycremen@paulhastings.com | www.paulhastings.com

*********************************************************
IRS Circular 230 Disclosure:   As required by U.S.
Treasury Regulations governing tax practice, you are
hereby advised that any written tax advice contained
herein was not written or intended to be used (and cannot
be used) by any taxpayer for the purpose of avoiding
penalties that may  be imposed under the U.S. Internal
Revenue Code.
*********************************************************

This message is sent by a law firm and may contain
information that is privileged or confidential.  If you
received this transmission in error, please notify the
sender by reply e-mail and delete the message and any
attachments.

For additional information, please visit our website at
www.paulhastings.com.

Paul**Hastings**

Paul, Hastings, Janofsky & Walker LLP
875 15th Street, N.W.
Washington, DC 20005
telephone 202-551-1700 • facsimile 202-551-1705 • www.paulhastings.com

Atlanta
Beijing
Brussels
Chicago
Hong Kong
London
Los Angeles
Milan
New York
Orange Country
Palo Alto
Paris
San Diego
San Francisco
Shanghai
Tokyo
Washington, DC

202.551.1838
timothycremen@paulhastings.com

December 21, 2007                                                                      73430.00002

**VIA E-MAIL**

Daniel P. Albers
Barnes & Thornburg, LLP
One Wacker Dr.
Suite 4400
Chicago, IL    60606-2809

Re:    *Star Navigation Systems Group, Ltd. v. Aeromechanical Services, Ltd.*
       United States District Court for the Northern District of California
       3:07-CV-04820-MMC

Dear Mr. Albers:

We are in receipt of your two December 18, 2007 e-mails regarding the above captioned
action, in which you, respectively: (1) decided not to go forward with the deposition of
AMS; and (2) enclosed a copy of Star's *First Amended Complaint* and responded to our
December 14, 2007 letter.

You asked if AMS intends to reassert its *Motion to Dismiss*. The answer is yes – AMS is
filing a second *Motion to Dismiss* today. Despite the "surprise" you have expressed by AMS
filing its original motion, you have neither come forward with facts or legal authority to
demonstrate why we should not proceed in this fashion. Frankly, we are at a loss for why
you continue to pursue this case with all of its exposed warts.

You asked that we consult with you regarding a hearing date. When we earlier offered
you the opportunity to depose a corporate witness, we said we would work with you on
rescheduling the hearing date. However, you rejected our offer and your tactics have
resulted in a significant delay to the original hearing date. We do not see why further
delay is required. We will not agree to any discovery at this time and will oppose any
application Star makes with the Court. You are free, of course, to explain to the Court
why Star is entitled to discovery in view of clear case law to the contrary, but we will
oppose.

*I. Star's First Amended Complaint Is A Delaying Tactic*

There is no reason for the *First Amended Complaint*. The only difference (other than
wording differences) between the original *Complaint* and the *First Amended Complaint*

Daniel P. Albers
December 21, 2007
Page 2

appears in the section titled "Defendant's Infringement," where Star now asserts claim 23 of the '852 Patent, rather than the originally asserted and now withdrawn claims 1 and 22.

However, in your December 18, 2007 email, you state that "the asserted claims of the original suit and now the first amended complaint were not and are not limited to the method claims." Assuming this to be the case, then there can be no substantive difference between the complaints because they both would have included the assertion of system claim 23.

Therefore, it appears that Star's only reason to file the *First Amended Complaint* was to add cost and complexity to this litigation, and to delay responding to AMS's *Motion to Dismiss*. We question the motive behind Star's actions.

## II. Dismissal of Method Claims

The change in asserted claims in the *First Amended Complaint* appears to be an attempt to address the fact that the '852 patent's method claims could not possibly be infringed by AMS's systems under *NTP v. Research in Motion* (418 F.3d 1282 (Fed. Cir. 2005)). We appreciate your dismissal of the method claims, although we question what Rule 11 basis Star had to assert them in the first place, and now what basis Star has to allege the AMS system infringes the '852 patent's system claims, such as claim 23. You should give serious consideration to dismissing this case in its entirety.

## III. Standing

You allege that we have provided no support for our assertion that your position (*i.e.*, that the "the field of use covers the entire patent and there is no danger to AMS of multiple suits") is incorrect. On the contrary, Star has not provided any legal support for its position and it is Star who carries the burden. You have our *Motion to Dismiss* in hand, which provides a full explanation of our position regarding standing. You have not pointed out any defect in our analysis, and cannot in view of the facts surrounding Star's limited rights in the '852 patent.

## IV. Non-Infringement

We appreciate Star's dismissal of the method claims from this case. However, AMS's AFIRS/UPTIME system cannot infringe newly asserted system claim 23. As you are well aware, *NTP v. Research in Motion's* holding applies to "system" claims when system control occurs outside the U.S. Here, AMS controls the UPTIME system in Canada. Thus, AFIRS/UPTIME cannot possibly infringe the '852 Patent.

As we mentioned previously, there are several technical differences between AFIRS/UPTIME and the asserted claims. You contend we did not identify these differences. But, the differences are numerous and obvious after even a cursory review of AFIRS/UPTIME. A review of the actual system, brochure and/or readily available public

Daniel P. Albers
December 21, 2007
Page 3

information reveals that, *inter alia*, AFIRS/UPTIME has not been used by AMS to transmit feedback data back to Aloha planes, and cannot reasonably be interpreted to be comparing data to parameters both on the vehicle and at the base station, and/or formulating archived scenario data to be used for vehicle operation. Other differences also exist.

### V. Personal Jurisdiction

We do not believe Star is entitled to any discovery concerning the issue of personal jurisdiction, because Star has failed to show any basis to allege personal jurisdiction exists. Our offer to permit you to take discovery into the issue was to demonstrate that Star cannot prevail on this issue. You have declined our offer and it is now withdrawn. We will not agree to any discovery and will oppose Star's application to the Court for discovery.

### VII. Relative Convenience

In your second December 18, 2007 e-mail, you stated that we "claim California is not the most convenient forum for [us] to litigate." That is not a correct statement of our position. We simply disagreed with your assertion that "San Francisco is a much more convenient and a less expensive place to litigate than Hawaii or New York." In any event, convenience does not trump legal standing and/or personal jurisdiction.

Regarding venue suggestions, we will not consent to personal jurisdiction in another forum. You are surely in possession of public information indicating where personal jurisdiction is or is not likely to be found over AMS in the U.S. It is your responsibility to sue in a forum that has personal jurisdiction, unlike California. We also continue to believe Star lacks standing to bring suit in its own name and that there are fatal flaws in Star's infringement analysis.

### VIII. Lotus

In your second December 18, 2007 e-mail, you stated that we made "a vague reference to Lotus" and that you "do not understand what [we] are claiming." Our reference was not vague or unclear. We asked that you advise your client of the fact that communicating to Lotus that AMS would somehow be prevented from providing AFIRS/UPTIME services to them in view of the current dispute is improper. This conduct is also actionable. Such a request cannot be much clearer. Your client can inform you of what was said to Lotus.

### IX. Star Should Dismiss This Suit Now

As we have pointed out before, all of the issues above – and more – call into question Star's allegations of infringement and the commencement of this suit. If Star continues to pursue this litigation, AMS reserves all rights to seek its attorneys' fees and costs.

Daniel P. Albers
December 21, 2007
Page 4


Please let us know how Star intends to proceed.

Sincerely,

Robert M. Masters
Timothy P. Cremen
for PAUL, HASTINGS, JANOFSKY & WALKER LLP

TPC:TPC

cc:    Kevin C. McCann
       Bhaskar Kakarla

**EXHIBIT 44**

**Jeffrey Lee**

| | |
|---|---|
| **From:** | Jeffrey Lee |
| **Sent:** | Thursday, December 27, 2007 1:27 PM |
| **To:** | 'kevinmccann@paulhastings.com' |
| **Subject:** | Case 3:07-cv-04820-MMC - Star Navigation Systems Group Ltd. v. Aeromechanical  Services Ltd. |

Dear Mr. McCann:

My law firm serves as local counsel to Star Navigation Systems Group Ltd. ("Star") in the above-titled case.  Lead counsel at Barnes and Thornburg and we received Aeromechanical Services Ltd.'s ("AMS'") Second Motion to Dismiss on December 21, 2007.  The Second Motion to Dismiss identifies a hearing date on January 25, 2008 before Judge Chesney.  As you know, Star filed its opposition papers to AMS' First Motion to Dismiss on that date, identifying the First Motion to Dismiss hearing date, presently set for January 11, 2008.

Star intends to file its response to AMS' Second Motion to dismiss on or before the January 4, 2008 due date.

At this point, AMS' First Motion to dismiss has been mooted by the filing of its Second Motion to Dismiss.  Nevertheless, the January 11, 2008 hearing remains on the court's calendar.

Judge Chesney's scheduling clerk, Tracy Lucero, informed me by telephone yesterday that the judge requires a formal stipulation or notice of withdrawal of the First Motion so that it can be removed from her calendar.  Otherwise the January 11, 2008 hearing date will remain.

It appears reasonable for AMS formally to withdraw the First Motion to Dismiss, which the clerk confirmed will cause the court to take the January 11 hearing date off Judge Chesney's calendar. You may confirm this procedure with Ms. Lucero, at 415-522-2041.

Please inform me whether AMS agrees to withdraw the First Motion to Dismiss and whether and when you will file a formal notice with the court.

Regards,
Jeffrey Lee


*Jeffrey K. Lee*
GCA Law Partners, LLP
1891 Landings Drive
Mountain View, CA 94043
(650) 237-7271 (direct)
jlee@gcalaw.com
www.gcalaw.com/html/lee_jeff.html

**EXHIBIT 45**

## Jeffrey Lee

**From:**     ECF-CAND@cand.uscourts.gov
**Sent:**     Thursday, December 27, 2007 4:02 PM
**To:**       efiling@cand.uscourts.gov
**Subject:**  Activity in Case 3:07-cv-04820-MMC Star Navigation Systems Group Ltd. v. Aeromechanical Services Ltd. Motion to Withdraw

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing.**

U.S. District Court
Northern District of California
**Notice of Electronic Filing or Other Case Activity**

NOTE: Please read this entire notice before calling the Help Desk. If you have questions, please email the Help Desk by replying to this message; include your question or comment along with the original text.

Please note that these Notices are sent for all cases in the system when any case activity occurs, regardless of whether the case is designated for e-filing or not, or whether the activity is the filing of an electronic document or not.

If there are **two** hyperlinks below, the first will lead to the docket and the second will lead to an e-filed document.
*If there is no second hyperlink, there is no electronic document available .*
See the FAQ posting 'I have a Notice of Electronic Filing that was e-mailed to me but there's no hyperlink...' on the ECF home page at https://ecf.cand.uscourts.gov for more information.

The following transaction was received from by McCann, Kevin entered on 12/27/2007 4:01 PM PST and filed on 12/27/2007
**Case Name:**      Star Navigation Systems Group Ltd. v. Aeromechanical Services Ltd.
**Case Number:**    3:07-cv-4820
**Filer:**          Aeromechanical Services Ltd.
**Document Number:** 42

**Docket Text:**
**MOTION to Withdraw [18] MOTION to Dismiss *AeroMechanical Services Ltd.'s Notice of Motion and Motion to Dismiss and Supporting Memorandum Notice of Withdrawal of Motion to Dismiss Plaintiff's Original Complaint (D.I. No. 18)* filed by Aeromechanical Services Ltd.. (McCann, Kevin) (Filed on 12/27/2007)**

**3:07-cv-4820 Notice has been electronically mailed to:**

Daniel P Albers    dalbers@btlaw.com, ppeggs@btlaw.com

1/3/2008

Kimberly Ann Donovan    kdonovan@gcalaw.com, ternst@gcalaw.com

Jeffrey Kenton Lee    JLee@gcalaw.com, Ternst@gcalaw.com

Kevin C. McCann    kevinmccann@paulhastings.com, bhaskarkakarla@paulhastings.com,
rebeccatorres@paulhastings.com, robertmasters@paulhastings.com, timothycremen@paulhastings.com

Christine Hoeft McCarthy    christine.mccarthy@BTLaw.com

Jeffrey Andrew Ruppel    jruppel@btlaw.com

**3:07-cv-4820 Notice has been delivered by other means to:**

Timothy P. Cremen
Paul Hastings Janofsky & Walker LLP
875 - 15th Street, NW
Washington, DC 20005

Bhaskar Kakarla
Paul Hastings Janofsky & Walker LLP
875 - 15th Street, NW
Washington, DC 20005

Robert M Masters
Paul Hastings Janofsky & Walker LLP
875 - 15th Street, NW
Washington, DC 20005

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**C:\Documents and Settings\caalexander\Desktop\Notice of Withdrawal of Motion To Dismiss
Original Complaint.pdf
**Electronic document Stamp:**
[STAMP CANDStamp_ID=977336130 [Date=12/27/2007] [FileNumber=4015006-0]
[ad6773a2e7de361a305209cbce1c4e6d3c0052c9fdef65be4c934b3b24f04c3f0afd
0ad957f6ea2df1f94b0f3ca7c025eee7ab2f339fb16c48ab9af2889dc1f1]]

1    Kevin C. McCann (SB# 120874)
     PAUL, HASTINGS, JANOFSKY & WALKER LLP
2    55 Second Street
     Twenty-Fourth Floor
3    San Francisco, CA 94105
     United States of America
4    Telephone: (415) 856-7000
     Facsimile: (415) 856-7100
5    Email:  kevinmccann@paulhastings.com

6    Robert M. Masters (DC Bar No. 435623)
     (pro hac vice)
7    Timothy P. Cremen (DC Bar No. 478705)
     (pro hac vice)
8    Bhaskar Kakarla (DC Bar No. 488976)
     (pro hac vice)
9    PAUL, HASTINGS, JANOFSKY & WALKER LLP
     875 15th St., N.W.
10   Washington, DC 20005
     Telephone:  (202) 551-1700
11   Facsimile:  (202) 551-1705
     Email:  robertmasters@paulhastings.com
12   Email:  timothycremen@paulhastings.com
     Email:  bhaskarkakarla@paulhastings.com
13
     Attorneys for Defendant
14   AEROMECHANICAL SERVICES LTD.

15

16                  UNITED STATES DISTRICT COURT

17                NORTHERN DISTRICT OF CALIFORNIA

18                   SAN FRANCISCO DIVISION

19

20   STAR NAVIGATION SYSTEMS GROUP          Case No. C 07-4820 MMC
     LTD.,
21                                          **NOTICE OF WITHDRAWAL OF**
                   Plaintiff,               **MOTION TO DISMISS PLAINTIFF'S**
22                                          **ORIGINAL COMPLAINT (D.I. No. 18)**

23        v.
                                            Withdrawn Hearing Date:  January 11, 2008
24   AEROMECHANICAL SERVICES LTD.,          Time:  9:00 am
                                            Place:  Courtroom 7, 19th Floor
25                 Defendant.               Honorable Maxine M. Chesney

26

27

28
                                                       NOTICE OF WITHDRAWAL
                                                         OF MOTION TO DISMISS
                                                   PLAINTIFF'S ORIGINAL COMPLAINT
     Case No. C 07-4820  MMC

1  TO THIS HONORABLE COURT, AND TO ALL PARTIES AND THEIR RESPECTIVE

2  COUNSEL OF RECORD IN THIS ACTION:

3      PLEASE TAKE NOTICE that defendant AeroMechanical Services Ltd. hereby withdraws

4  its December 3, 2007 Motion To Dismiss (D.I. 18), which was directed to plaintiff's original

5  Complaint (D.I. 1) and was noticed for hearing on January 11, 2008. That motion is being

6  withdrawn because it was rendered moot when plaintiff subsequently filed its First Amended

7  Complaint (D.I. 28) on December 18, 2007, and it is being withdrawn without prejudice to

8  defendant's subsequent and pending Motion To Dismiss plaintiff's First Amended Complaint.

9      Promptly after receiving plaintiff's First Amended Complaint, defendant served and filed

10  on December 21, 2007 a new Motion To Dismiss (D.I. 29), which is directed to plaintiff's First

11  Amended Complaint, and which has been and remains noticed for hearing on January 25, 2008, at

12  9:00 AM, or as soon thereafter as the matter may be heard, in the United States District Court for

13  the Northern District of California, Courtroom 7, 19th Floor, 450 Golden Gate Ave., San

14  Francisco, California, before the Honorable Maxine M. Chesney.

15

16                              Respectfully submitted,

17  Dated:  December 27, 2007        KEVIN C. McCANN
                                     ROBERT M. MASTERS
18                                   TIMOTHY P. CREMEN
                                     BHASKAR KAKARLA
19                                   PAUL, HASTINGS, JANOFSKY & WALKER LLP

20
                                     By: _____/s/ Kevin C. McCann_____
21                                              Kevin C. McCann

22                                   Attorneys for Defendant
                                     AEROMECHANICAL SERVICES LTD.
23
    LEGAL_US_E # 77723225
24

25

26

27

28
                                                          NOTICE OF WITHDRAWAL
                                            -1-             OF MOTION TO DISMISS
    Case No. C 07-4820 MMC                              PLAINTIFF'S ORIGINAL COMPLAINT

**EXHIBIT 46**

**Jeffrey Lee**

| | |
|---|---|
| **From:** | Daniel Albers [Daniel.Albers@BTLaw.com] |
| **Sent:** | Wednesday, January 02, 2008 9:58 AM |
| **To:** | Timothy P. Cremen |
| **Cc:** | Bhaskar Kakarla; Kevin C. McCann; Robert M. Masters |
| **Subject:** | Re: Star v. AMS Matter |



2nd 30b6 Notice of
   Dep & Produ...
                    1/02/08
Tim and Rob, et al.,
     Happy New Year! We will be filing our response to your motion to dismiss the amended
complaint on 1/4/08. I have attached a slightly revised set of discovery relating to
jurisdiction that we would like to take in response to your motion. I understand from your
12/21/07 letter that you will now not agree to any discovery. If that changes and you will
provide the requested discovery and put off the motion until we have a chance to take it
please let me know.
     As for the merits of your 12/21/07 letter, please be advised that we do not agree
with your assertions. The hyperbole is not helpful in moving this case towards resolution.
Dan Albers

>>> "Cremen, Timothy P." <timothycremen@paulhastings.com> 12/21/2007
7:11 PM >>>
 <<(07-12-21) Letter to BT.pdf>> Dear Mr. Albers,

Please find attached a letter regarding the Star v. AMS matter.

Best,

Tim

Timothy P. Cremen | Paul, Hastings, Janofsky & Walker LLP | 875 15th Street, N.W.,
Washington, D.C. 20005 | direct: 202 551 1838| main: 202 551 1700 | direct fax: 202 551
0238| timothycremen@paulhastings.com | www.paulhastings.com

*******************************************************
IRS Circular 230 Disclosure:    As required by U.S.
Treasury Regulations governing tax practice, you are
hereby advised that any written tax advice contained
herein was not written or intended to be used (and cannot
be used) by any taxpayer for the purpose of avoiding
penalties that may  be imposed under the U.S. Internal
Revenue Code.
*******************************************************

This message is sent by a law firm and may contain
information that is privileged or confidential.  If you
received this transmission in error, please notify the
sender by reply e-mail and delete the message and any
attachments.

For additional information, please visit our website at
www.paulhastings.com.

1  DANIEL P. ALBERS
2  JEFFREY A. RUPPEL
   BARNES & THORNBURG LLP
3  One N. Wacker Drive, Suite 4400
   Chicago, IL 60606
4  Phone No.: (312) 357-1313
5  Fax No.: (312) 357-1313
   Email: dalbers@btlaw.com
6  Email: jruppel@btlaw.com

7  CHRISTINE H. MCCARTHY
8  BARNES & THORNBURG LLP
   750 17th Street N.W., Suite 900
9  Washington, D.C. 20006-4675
   Phone No.: (202) 289-1313
10 Fax No.: (202) 289-1330
11 Email: cmccarthy@btlaw.com

12 JEFFREY K. LEE, CA Bar No. 212465
   KIMBERLY A. DONOVAN, CA Bar No. 160729
13 GCA LAW PARTNERS LLP
   1891 Landings Drive
14 Mountain View, CA 94043
   Phone No.: (650) 428-3900
15 Fax No.: (650) 428-3901
   Email: jlee@gcalaw.com
16 Email: kdonovan@gcalaw.com

17 Attorneys for Plaintiff
18 STAR NAVIGATION SYSTEMS GROUP LTD.

19                    UNITED STATES DISTRICT COURT

20                   NORTHERN DISTRICT OF CALIFORNIA

21                       SAN FRANCISCO DIVISION

22

23  STAR NAVIGATION SYSTEMS GROUP          Case No. C 07-4820 (MMC)
    LTD.,

24                                          **NOTICE OF DEPOSITIONS
    Plaintiff,                              AND REQUESTS FOR PRODUCTION**
25                                          **OF DOCUMENTS AND THINGS**
    v.                                      **BY PLAINTIFF STAR NAVIGATION**
26                                          **SYSTEMS GROUP LTD.**
    AEROMECHANICAL SERVICES LTD.,
27

28  Defendant.                             Honorable Maxine M. Chesney

                              - 1 -
Case No. C 07-4820 (MMC)
Plaintiff's Renewed Notice of Deposition and Request
for Production of Documents and Things

To:

Kevin C. McCann
Paul, Hastings, Janofsky & Walker LLP
55 Second Street
Twenty-Fourth Floor
San Francisco, CA 94105

Courtroom 7, 19th Floor
Robert M. Masters
Timothy P. Cremen
Bhaskar Kakarla
Paul, Hastings, Janofsky & Walker LLP
875 15th Street, N.W.
Washington, D.C. 20005

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, the Plaintiff Star

Navigation Services Group Ltd. ("Star"), hereby gives notice of its intent to take the deposition

upon oral examination before an officer authorized by law to administer oaths of the following

named persons at the place and times indicated:

| DEPONENT | DATE AND TIME | PLACE |
|---|---|---|
| Aeromechanical Services Ltd. 30 (b)(6) Designated Witness | TBD | Aeromechanical Services Ltd. 300, 2421-37 Ave NE Calgary, AB Canada T2E 6Y7 |
| Carlos A. Gonzalez, Director of U.S. Sales | TBD | Aeromechanical Services Ltd. USA Miami Florida |
| Office Manager | TBD | Aeromechanical Services Ltd. USA Suite 130-310, 2951 Marina Bay Drive League City Texas 77573 |

Pursuant to Rule 30(b)(6) of the Federal Rules, the corporate deponent, Aeromechanical

Services Ltd. ("AMS"), is required to designate one or more of its officers, directors, managing

agents, or other persons who will consent to testify on its behalf as to the subject matters set forth

on the attached Exhibit "A." The person or persons designated by AMS shall testify as to matters

known or reasonably available to the corporation.

Pursuant to Rules 34(a) and (b) of the Federal Rules, Plaintiff hereby requests that AMS

produce the documents and things set forth and described on the attached Exhibit "B" for

– 2 –

Case No. C 07-4820 (MMC)
Plaintiff's Renewed Notice of Deposition and Request
for Production of Documents and Things

1    Plaintiff to inspect and copy, at last seven days prior to times as indicated for the depositions

2    *supra*.

3          The depositions shall continue as necessary from day-to-day thereafter, or at such other

4

5    place and time as may be agreed upon by counsel, until completed, with such adjournments as to

6    time and place as may be reasonably necessary.  To the extent that the officers, directors,

7    managing agents or other persons designated by AMS are unfamiliar with any of the topics listed

8
     in this Notice of Corporate Deposition, they should make a diligent effort to acquaint themselves
9
     with such matters prior to the deposition.  The deposition testimony may be recorded by
10
11   stenographic means, by videotape and by instant visual display of the testimony.  You are invited

12   to attend and take such part as is appropriate.

13

14   Dated: January 02, 2007                    Respectfully submitted,

15
                                                Daniel P. Albers
16                                              Jeffrey A. Ruppel
                                                Christine H. McCarthy
17                                              BARNES & THORNBURG LLP

18                                              *Local Counsel*:

19
                                                Jeffrey K. Lee, State Bar No. 212465
20                                              Kimberly A. Donovan, State Bar No. 160729
                                                GCA LAW PARTNERS LLP
21
22                                              By:  _____

23                                                   Attorneys for Plaintiff STAR NAVIGATION
                                                     SYSTEMS GROUP LTD.
24

25

26

27

28

- 3 -

Case No. C 07-4820 (MMC)
Plaintiff's Renewed Notice of Deposition and Request
for Production of Documents and Things

**EXHIBIT A - SUBJECT MATTERS FOR CORPORATE DEPOSITIONS**

1.  All facts relating to AMS's relationship with ALOHA Airlines and China Eastern Airlines as related to the use of AMS's Automated Flight Information Reporting System ("AFIRS") system, including aircraft that has been equipped, routes flown, demonstrations conducted, support services provided, repairs made, and sales made.

2.  All facts relating to transportation vehicles equipped with the AFIRS system or components of the AFIRS system that pass through, are located in, or originate from the State of California.

3.  All facts relating to the monitoring, use, review, comparison, storage, transmission, formulation, formatting, processing, communication, and receipt of data, information, or signals originating from, passing through, or sent to the State of California, whether during touchdown, takeoff, or in the air as related to the AFIRS system.

4.  All facts relating to employees, sales representatives, vendors, contractors, partners, service providers, associates, services, repairs, support provided, business conducted, communications made into or out of, business trips into and out of, assets owned, and research conducted in the State of California related to the AFIRS system.

5.  All facts relating to services and support provided to customers in the State of California related to the AFIRS system.

6.  All facts relating to the solicitation of business and customers, including advertising, presentations, and sales pitches, conducted in the State of California or to customers located in the State of California related to the AFIRS system.

7.  All facts relating to testing and development conducted in the State of California related to the AFIRS system.

8.  All facts relating to equipment, monitors, transmitters, receivers, computers, base-stations, facilities, distribution centers, or offices located in the State of California for analyzing or compiling data to or from associated with AMS.

– 4 –

Case No. C 07-4820 (MMC)
Plaintiff's Renewed Notice of Deposition and Request
for Production of Documents and Things

9.    All facts relating to the United States Federal Aviation Administration ("FAA") Certification and Supplemental Type Certificate for the AFIRS System, including testing locations.

10.   All facts relating to the AMS's communications with and services provided to Raytheon of Long Beach, California.

11.   All facts relating to the AMS's connections with Meggitt PLC, having headquarters in Simi Valley California, including the installation, support, and selling of the AFIRS system by Meggitt.

12.   All facts relating to AMS's communications with entities located in the State of California via the internet and its website.

13.   All facts relating to the AMS's sales and other activities conducted from its offices based in Miami Florida, League City Texas, and elsewhere in the United States.

14.   All facts relating to the AMS's sales, marketing, and other activities conducted through its wholly-owned subsidiary Flyht Corp, or any other AMS subsidiary, directed towards the State of California.

- 5 -

Case No. C 07-4820 (MMC)
Plaintiff's Renewed Notice of Deposition and Request
for Production of Documents and Things

## EXHIBIT B - ITEMS TO BE INSPECTED AND COPIED

1. All documents or things concerning AMS's relationship with ALOHA Airlines and China Eastern Airlines as related to the use of AMS's Automated Flight Information Reporting System ("AFIRS") system, including aircraft that has been equipped, routes flown, demonstrations conducted, support services provided, repairs made, and sales made.

2. All documents or things concerning transportation vehicles equipped with the AFIRS system or components of the AFIRS system that pass through, are located in, or originate from the State of California.

3. All documents or things concerning the monitoring, use, review, comparison, storage, transmission, formulation, formatting, processing, communication, and receipt of data, information, or signals originating from, passing through, or sent to the State of California, whether during touchdown, takeoff, or in the air as related to the AFIRS system.

4. All documents or things concerning employees, sales representatives, vendors, contractors, partners, service providers, associates, services, repairs, support provided, business conducted, communications made into or out of, business trips into and out of, assets owned, and research conducted in the State of California related to the AFIRS system.

5. All documents or things concerning services and support provided to customers in the State of California related to the AFIRS system.

6. All documents or things concerning the solicitation of business and customers, including advertising, presentations, and sales pitches, conducted in the State of California or to customers located in the State of California related to the AFIRS system.

7. All documents or things concerning testing and development conducted in the State of California related to the AFIRS system.

8. All documents or things concerning equipment, monitors, transmitters, receivers, computers, base-stations, facilities, distribution centers, or offices located in the State of California for analyzing or compiling data to or from associated with AMS.

- 6 -

Case No. C 07-4820 (MMC)
Plaintiff's Renewed Notice of Deposition and Request
for Production of Documents and Things

9.  All documents or things concerning the United States Federal Aviation Administration ("FAA") Certification and Supplemental Type Certificate for the AFIRS System, including testing locations.

10. All documents or things concerning AMS's communications with and services provided to Raytheon of Long Beach, California.

11. All documents or things concerning AMS's connections with Meggitt PLC, having headquarters in Simi Valley California, including the installation, support, and selling of the AFIRS system by Meggitt.

12. All documents or things concerning AMS's communications with entities located in the State of California via the internet and its website.

13. All documents or things concerning AMS's sales and other activities conducted from its offices based in Miami Florida, League City Texas, and elsewhere in the United States.

14. All documents or things concerning AMS's sales, marketing, and other activities conducted through its wholly-owned subsidiary Flyht Corp, or any other AMS subsidiary, directed towards the State of California.

Case No. C 07-4820 (MMC)
Plaintiff's Renewed Notice of Deposition and Request
for Production of Documents and Things

1

2

## **CERTIFICATE OF SERVICE**

3

4    The foregoing document has been filed with the Clerk of the Court this day, and has been

5    emailed to the parties listed below:

6              Kevin C. McCann
              Paul, Hastings, Janofsky & Walker LLP
7              55 Second Street
              Twenty-Fourth Floor
8              San Francisco, CA 94105
              Telephone: (415) 856-7000
9              Facsimile: (415) 856-7100
              E-mail: kevinmccann@paulhastings.com
10

11
              Robert M. Masters
12              Timothy P. Cremen
              Bhaskar Kakarla
13              Paul Hastings
              875 15th Street, N.W.
14              Washington, DC 20005
               Tel: (202) 551-1700
15              Fax: (202) 551-1705
              E-mail: robertmasters@paulhastings.com, timothycremen@paulhastings.com,
16              bhaskarkakarla@paulhastings.com

17

18

19
Dated: January 2, 2008                          BARNES & THORNBURG LLP
20
                                                By: _____
21

22
441231
23

24

25

26

27

28

- 8 -

Case No. C 07-4820 (MMC)
Plaintiff's Renewed Notice of Deposition and Request
for Production of Documents and Things

**EXHIBIT 47**

## Jeffrey Lee

| | |
|---|---|
| **From:** | Cremen, Timothy P. [timothycremen@paulhastings.com] |
| **Sent:** | Thursday, January 03, 2008 4:00 PM |
| **To:** | Daniel Albers |
| **Cc:** | Kakarla, Bhaskar; McCann, Kevin C.; Masters, Robert M. |
| **Subject:** | RE: Star v. AMS Matter |



(08-01-03)
letter.pdf (63 KB)

Dan,

Happy New Year to you as well.  Please find attached a responsive letter to your e-mail below.

Best,
Tim

-----Original Message-----
From: Daniel Albers [mailto:Daniel.Albers@BTLaw.com]
Sent: Wednesday, January 02, 2008 12:58 PM
To: Cremen, Timothy P.
Cc: Kakarla, Bhaskar; McCann, Kevin C.; Masters, Robert M.
Subject: Re: Star v. AMS Matter

1/02/08
Tim and Rob, et al.,
       Happy New Year! We will be filing our response to your motion to dismiss the amended complaint on 1/4/08. I have attached a slightly revised set of discovery relating to jurisdiction that we would like to take in response to your motion. I understand from your 12/21/07 letter that you will now not agree to any discovery. If that changes and you will provide the requested discovery and put off the motion until we have a chance to take it please let me know.
       As for the merits of your 12/21/07 letter, please be advised that we do not agree with your assertions. The hyperbole is not helpful in moving this case towards resolution.
Dan Albers

>>> "Cremen, Timothy P." <timothycremen@paulhastings.com> 12/21/2007 7:11 PM >>>
 <<(07-12-21) Letter to BT.pdf>> Dear Mr. Albers,

Please find attached a letter regarding the Star v. AMS matter.

Best,

Tim

_____

Timothy P. Cremen | Paul, Hastings, Janofsky & Walker LLP | 875 15th Street, N.W., Washington, D.C. 20005 | direct: 202 551 1838| main: 202 551 1700 | direct fax: 202 551 0238| timothycremen@paulhastings.com | www.paulhastings.com

*********************************************************
IRS Circular 230 Disclosure:    As required by U.S.
Treasury Regulations governing tax practice, you are
hereby advised that any written tax advice contained
herein was not written or intended to be used (and cannot
be used) by any taxpayer for the purpose of avoiding

penalties that may  be imposed under the U.S. Internal
Revenue Code.
********************************************************

This message is sent by a law firm and may contain
information that is privileged or confidential.  If you
received this transmission in error, please notify the
sender by reply e-mail and delete the message and any
attachments.

For additional information, please visit our website at
www.paulhastings.com.


-----------------------------------------
CONFIDENTIALITY NOTICE:  This email and any attachments are for the exclusive and
confidential use of the intended recipient.  If you are not the intended recipient, please
do not read, distribute or take action in reliance upon this message. If you have received
this in error, please notify us immediately by return email and promptly delete this
message and its attachments from your computer system.  We do not waive attorney-client or
work product privilege by the transmission of this message.

TAX ADVICE NOTICE:  Tax advice, if any, contained in this e-mail does not constitute a
"reliance opinion" as defined in IRS Circular 230 and may not be used to establish
reasonable reliance on the opinion of counsel for the purpose of avoiding the penalty
imposed by Section 6662A of the Internal Revenue Code.  The firm provides reliance
opinions only in formal opinion letters containing the signature of a partner.


********************************************************
IRS Circular 230 Disclosure:   As required by U.S.
Treasury Regulations governing tax practice, you are
hereby advised that any written tax advice contained
herein was not written or intended to be used (and cannot
be used) by any taxpayer for the purpose of avoiding
penalties that may  be imposed under the U.S. Internal
Revenue Code.
********************************************************

This message is sent by a law firm and may contain
information that is privileged or confidential.  If you
received this transmission in error, please notify the
sender by reply e-mail and delete the message and any
attachments.

For additional information, please visit our website at
www.paulhastings.com.

## Paul Hastings

Paul, Hastings, Janofsky & Walker LLP
875 15th Street, N.W.
Washington, DC 20005
telephone 202-551-1700 • facsimile 202-551-1705 • www.paulhastings.com

Atlanta
Beijing
Brussels
Chicago
Hong Kong
London
Los Angeles
Milan
New York
Orange County
Palo Alto
Paris
San Diego
San Francisco
Shanghai
Tokyo
Washington, DC

202.551.1838
timothycremen@paulhastings.com

January 3, 2008

73430.00002

**VIA E-MAIL**

Daniel P. Albers
Barnes & Thornburg, LLP
One Wacker Dr.
Suite 4400
Chicago, IL   60606-2809

Re:   *Star Navigation Systems Group, Ltd. v. Aeromechanical Services, Ltd.*
      United States District Court for the Northern District of California
      3:07-CV-04820-MMC

Dear Mr. Albers:

We are in receipt of your January 2, 2008 e-mail regarding the above matter.

Regarding your second *Opposition*, your *First Amended Complaint* mooted AMS's original *Motion to Dismiss*, and your December 21, 2007 *Opposition* indicates that it is in response to AMS's *Motion to Dismiss Star's First Amended Complaint*. P. 1:5. Thus, it is improper for Star to file another *Opposition*, and AMS reserves its right to move to strike it if filed.

Regarding your discovery request, we will not agree to provide the requested discovery for the reasons set forth in our December 21, 2007 letter. Your attempt to broaden the scope of discovery only strengthens our objections.

Hyperbole aside, AMS continues to question the filing of this complaint. Star's failure to address the various issues in our previous letters is what is causing the failure of advancement in this case.

Sincerely,

Robert M. Masters
Timothy P. Cremen
for PAUL, HASTINGS, JANOFSKY & WALKER LLP

cc:   Kevin C. McCann
      Bhaskar Kakarla

**EXHIBIT 48**

Print   Close

**AEROMECHANICAL SERVICES LTD. ANNOUNCES CONTRACT WITH ANOTHER AIRLINE**
Published on 21-12-2007

# NEWS RELEASE

## AEROMECHANICAL SERVICES LTD. ANNOUNCES CONTRACT WITH ANOTHER AIRLINE

*For Immediate Release*                    *DECEMBER 21, 2007*

**AeroMechanical Services Ltd.**          **TSX-V Trading Symbol "AMA"**

**A Tier 2 Industrial Issuer**

**Calgary 12/21/2007** – AeroMechanical Services Ltd. is pleased to announce it has signed a contract to provide its patented solution to a growing North American regional airline for their fleet of 3 Boeing 737's, with further potential to include additional jet and/or turboprop aircraft as they are added to the fleet.

A management representative from the airline stated "We selected AeroMechanical for its outstanding commitment to customer support throughout the evaluation stage. We look forward to their product having a major impact in improving our flight watch and data capabilities thereby improving our efficiency and safety."

"This increasing interest in AMS' solutions by a growing list of international carriers is setting AMA up for an interesting 2008" said CEO Bill Tempany.

"Customers are finding a very compelling return on investment immediately when afirs™ UpTime™ is installed. Our products are connecting our clients around the globe, from the North Pole to the South Pole and from Hawaii to Africa and Asia Pacific and all points between." Mr. Tempany added.

The management, employees and board of directors of AMA wish to take this opportunity to thank the investment community for its support in 2007, our customers for helping us become the leading provider of integrated aviation solutions on the planet and wish everyone a very Merry Christmas and a Happy New Year.

This brings the contracted aircraft in 2007 to 507 at 17 airlines. These 3 additions increase the total aircraft under contract to 684 from 26 different carriers. There are currently more than 90 aircraft that are equipped for the afirs™ UpTime™ solution.

**About AeroMechanical Services Ltd.**

AeroMechanical Services Ltd. provides proprietary technological solutions and services designed to reduce costs and improve efficiencies in the airline industry. The company has successfully commercialized three products and associated services currently marketed to airlines, manufacturers and maintenance organizations around the world. Its premier technology afirs™ UpTime™ allows airlines to monitor and manage aircraft operations anywhere, anytime, in real-time. Due to the competitive nature of the marketplace AMS is maintaining its position to withhold the airline's name and specific location. For further clarification of potential contract values please refer to AMA quarterly reports.

**For more information on AMS contact:**

Tom French , CFO
AeroMechanical Services Ltd
(403) 291-7427
tfrench@amscanada.com


Bob Beaty
The Howard Group Inc.
Toll Free: 1-888-221-0915
Info@howardgroupinc.com
www.howardgroupinc.com


*afirs, UpTime, FLYHT and aeroQ are Trade Marks of AeroMechanical Services Ltd.*


The TSX Venture Exchange has not reviewed and does not accept responsibility for the adequacy or accuracy of this press release.


**NOT FOR DISTRIBUTION TO UNITED STATES NEWSWIRE SERVICES OR FOR DISSEMINATION IN THE UNITED STATES**