# Paul Hastings

Paul, Hastings, Janofsky & Walker LLP
875 15th Street, N.W.
Washington, DC 20005
telephone 202-551-1700 • facsimile 202-551-1705 • www.paulhastings.com

Atlanta
Beijing
Brussels
Chicago
Frankfurt
Hong Kong
London
Los Angeles
Milan
New York
Orange County
Palo Alto
Paris
San Diego
San Francisco
Shanghai
Tokyo
Washington, DC

January 30, 2008

73430.00002

**VIA E-MAIL (NIELSENORDERS@WAED.USCOURTS.GOV) AND U.S. MAIL**

Hon. Wm. Fremming Nielsen
United States District Court
Eastern District of Washington
Post Office Box 1493
Spokane, WA 99210-1493

Re:   Star Navigation Systems Group Ltd., v. Aeromechanical Services Ltd.,
      Case No. C 07-4820 (MMC)
      On Referral from Judge Chesney of the N.D. of California
      AMS's Opposition to Star's Request for Personal Jurisdiction Discovery

Dear Judge Nielsen:

On January 16, 2008, this Court held a telephonic status conference concerning AMS's *Motion To Dismiss* (D.I. 29). During the conference, the Court invited each party to file a five-page letter concerning Star's request for leave to conduct personal jurisdiction discovery. This is AMS's letter. For the reasons set forth below, AMS respectfully submits that Star should not be granted leave to conduct personal jurisdiction discovery because this is not a close case where the discovery of some facts may demonstrate jurisdiction.

## A.    Background

On September 19, 2007, Star commenced this action alleging infringement of its U.S. Patent No. 7,113, 852 ("the '852 Patent") by AMS's AFIRS/UPTIME system.

Generally speaking, AMS's AFIRS/UPTIME system includes: (1) an AFIRS unit installed on airplanes; and (2) UPTIME computers in Canada. AFIRS units periodically transmit data from an airplane during its flight (*i.e.*, between gates) to the UPTIME computes via satellite. The UPTIME computers receive, process, and prepare reports that are then electronically sent to recipients.

Aloha Airlines ("Aloha"), based in Hawaii, equips its planes with AMS systems. While all of the business dealings between Aloha and AMS have occurred outside of California, Aloha's airplanes sometimes fly into California.[1] Aloha, not AMS, is in control of when,

---

[1] Aloha is the only airline that flies planes into California equipped with AMS systems.

Hon. Wm. Fremming Nielsen
January 30, 2008
Page 2

where and how it operates its airplanes. If an Aloha airplane has an AFIRS unit on board, and if it flies into California, the AFIRS unit may send data from California airspace (depending on reporting parameters) to UPTIME servers via satellite (*i.e.*, not through a California facility). The UPTIME servers then send reports to Aloha's facilities in Hawaii (*i.e.*, not to California).

Other than this attenuated contact, AMS has no other interaction with California.[2] As testified to by Darryl Jacobs, the President of AMS (D.I. 30, a copy of which is App. A hereto), AMS has no employees, facilities or assets there, and has conducted no sales, marketing, support or other business activities in California. App. A at ¶¶ 9-18 and 22-26. Thus, there can be no general or specific personal jurisdiction over AMS.

Despite these facts,[3] Star alleged (in its *First Amended Complaint* - D.I. 28, ¶ 4), that personal jurisdiction existed over AMS in the Northern District of California because:

> AMS is doing business and has committed acts of infringement, including those alleged herein, within the State of California and/or this judicial district, subjecting it to the jurisdiction of this Court ...

Star pled no facts to support this allegation – because there are none. Thus, AMS promptly moved to dismiss for lack of personal jurisdiction pursuant to F.R.C.P. 12(b)(2).[4] AMS's *Motion to Dismiss* is supported in fact by the above-mentioned testimony of Darryl Jacobs (App. A).

In its *Opposition* to AMS's *Motion to Dismiss* (D.I. 32), Star cited about 50 exhibits in an attempt to demonstrate personal jurisdiction. Not one of these exhibits establishes that AMS has conducted activities in California, as discussed below. Therefore, as a last-ditch effort to avoid immediate dismissal of this case (and a tacit concession that its exhibits are insufficient), Star requested discovery (D.I. 32 at 20-21, referring to D.I. 48, Ex. 46, a copy of which is included as App. B hereto[5]) seeking broad swaths of information about AMS either unrelated to personal jurisdiction in California or which has already been testified by AMS's president not to exist (see discussion below of each request).[6]

---

[2] For a detailed discussion, see AMS's Motion to Dismiss – D.I. 29, pp. 15-20.
[3] Star was fully aware of these facts, because it already had a *Declaration of Darryl Jacobs* (D.I. 19) in its possession. This previous *Declaration* supported AMS's first *Motion to Dismiss* (D.I. 18) filed on Dec. 3, 2007. AMS filed its *First Amended Complaint* (D.I. 28) on Dec. 18, 2007, mooting AMS's *Motion to Dismiss*. AMS then filed its *Motion to Dismiss* the *First Amended Complaint* (D.I. 29) on Dec. 21, 2007.
[4] As well as for lack of standing under F.R.C.P. 12(b)(1) and (7) (D.I. 29).
[5] Star's requests include 14 separate requests for documents and 14 corresponding deposition topics for three different deponents.
[6] Star earlier refused to proceed with discovery under the reasonable parameters offered by AMS (*i.e.*, AMS's activities in California) - even though AMS agreed to the requested deponent and schedule (Dec. 20, 2007), and offered to continue the hearing on its first *Motion to Dismiss*. D.I. 31, Ex. F, p. 3.

Hon. Wm. Fremming Nielsen
January 30, 2008
Page 3

### B. Courts Routinely Deny Discovery When The Case Is Not Close

Because AMS has moved to dismiss under Rule 12(b)(2), Star bears the burden of proving personal jurisdiction, and cannot rest on the bare allegations of the complaint. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). It has failed to do so. Star cannot cite one instance of AMS conducting business in California. Not even one of Star's 50 or so exhibits to its *Opposition* brief evidences a particular act by AMS in California. Instead, Star directs its argument to what AMS could do in California (*e.g.*, that AMS could solicit a large customer base there), or what AMS's customers do in California (*e.g.*, that China Eastern Airlines might operate in California while using AFIRS systems). *See, e.g.*, D.I. 32 at 8-9. But, what AMS could do in California is irrelevant – it is only relevant what AMS has done or is doing. Further, what AMS's customers do in California is also irrelevant. *See Red Wing Shoe Co., Inc. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1361 (Fed. Cir. 1998).

In contrast to Star's bare allegations, AMS has provided clear and unrebutted evidence by its President, Darryl Jacobs,[7] demonstrating that there are no "minimum contacts" between AMS and California (and, as discussed below, that there is no discoverable information for almost all of Star's proposed topics). Thus, the instant case squares with *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1160 (9th Cir. 2006), which holds that when "[a] plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by the defendants, the Court need not permit even limited discovery." *See also Boschetto v. Hansing*, 2006 U.S. Dist. LEXIS 50807, *14 (N.D. Cal. 2006) (no discovery because there was only speculation of jurisdiction); *Protrade Sports, Inc. v. Nextrade Holdings, Inc.*, 2006 U.S. Dist. LEXIS 6631, *9, fn 2 (N.D. Cal. 2006) (no discovery because plaintiff failed to establish a "colorable" showing that defendant might be subject to personal jurisdiction); *BenQ Am. Corp. v. Forward Elecs. Co.*, 2005 U.S. Dist. LEXIS 38648, *30 (N.D. Cal. 2005) (no discovery because plaintiff didn't establish a "reasonable probability" that discovery would show jurisdiction); *Huang v. Ferrero U.S.A., Inc.*, 1999 U.S. Dist. LEXIS 5712, *5 (N.D. Cal., 1999) (no discovery because defendants produced ample evidence refuting any "minimum contacts" to the state); and *Levy v. Norwich Union Ins. Soc'y*, 1998 U.S. Dist. LEXIS 13524, *11-*15 (N.D. Cal., 1998) (no discovery in view of defendant's evidence showing no "minimum contacts").

Accordingly, AMS respectfully submits that because of the complete failure by Star to come forward with any facts sufficient to show personal jurisdiction, or to even call it into question, Star's requests for discovery should be denied. This is not a case where the question of personal jurisdiction is close such that discovery may tip the scales in Star's

---

[7] Star has alleged that Mr. Jacobs testimony is "not credible" (D.I. 49 at 1) only because of an alleged contradiction between: (1) Mr. Jacobs's testimony that AMS's only offices are in Calgary (D.I. 30, ¶ 3); and (2) AMS's yearly report's indication that there is a US office (e.g., D.I. 37-39, Ex. 30, p. 54). But, no contradiction exists, because AMS's US "office" is simply a Texas mailing address for FAA correspondence, not truly an "office." In any event, this is not relevant for the instant personal jurisdiction analysis.

Hon. Wm. Fremming Nielsen
January 30, 2008
Page 4

favor. There is a complete failure by Star, who bears the burden of proof, to come forward with any foundation to begin discovery.

### C.     Discovery Here Would Be Futile For Star

In addition to being dilatory and overbroad to the extent they seek information about activities outside of California, Star's discovery requests (*see* Ex. B) are not going to garner information supporting Star's jurisdictional theory – because it is already clear that such information does not exist, or that such information would be irrelevant.

Star's requests 1-3 seek information about AMS's relationship with Aloha and China Eastern Airlines. The Jacobs Declaration already addresses this topic, stating that AMS has not conducted sales activities, and has not provided any service, repairs or support in California. App. A, ¶¶ 18, 21, 22. Further, information about China Eastern is irrelevant, because no AFIRS units enter California on its airplanes.[8]

Regarding Aloha, Star knows that AFIRS units are installed on Aloha planes that periodically fly into California – a fact that will not change with discovery. But, jurisdiction over AMS here cannot be predicated on Aloha's actions, as "doing business with a company that does business in [the forum state] is not the same as doing business in [the forum state]." *Red Wing Shoe Co., Inc. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1361 (Fed. Cir. 1998).[9]

Star's requests 4, 5 and 8 seek information regarding AMS's employees, contractors, etc. in California, AMS's services, support, etc. provided to customers in California, and AMS's equipment, facilities, etc. in California. But, AMS has already testified that it has no such employees, has not provided such services, and has no such equipment in California. App. A, ¶¶ 12-16, 22-24.

Star's requests 6, 13 and 14 seek information about AMS's solicitation of business and sales activities in California. But, AMS has already testified that it has not conducted business solicitation or sales activities in California. App. A, ¶¶ 15, 17, 18.

Star's requests 7 and 9 seek information about AMS's testing, development and FAA certification activities. AMS has likewise already testified that it has not conducted testing, development or FAA certification activities in California. App. A, ¶ 21, 25.

---

[8] China Eastern Boeing 737's that are equipped with AFIRS units are incapable of non-stop flights to the U.S. – Star is well aware of this.

[9] Similarly, the Supreme Court has held that a New York auto dealer cannot be haled into court in Oklahoma because a car it sold was involved in an accident there (*World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 295 (1980)), and that the placement "of a product into the stream of commerce, without more, is not an act of the defendant purposefully directed toward the forum State." *Asahi Metal Indus. Co. v. Superior Court of Cal.*, 480 U.S. 102, 112 (1987). For "minimum contacts," the actions of the defendant must be "purposefully directed toward the forum State." *Id.* at 112.

Hon. Wm. Fremming Nielsen
January 30, 2008
Page 5

Star's requests 10 and 11 seek information about AMS's dealings with Raytheon and Meggitt. AMS has already testified that it has not directed any customer communications into California, and has not provided services or support to customers in California. App. A, ¶¶ 17, 23. All of AMS's contacts with Raytheon (MA based) and Meggitt (U.K. based) occurred outside of California.

Star's request 12 seeks information about AMS's internet and website communication with California. But, AMS has already testified both that it has not directed communications into California, and that its website does not allow direct purchases.[10] App. A, ¶¶ 17, 19.

### D.     Conclusion

In view of the foregoing, AMS respectfully requests that this Court deny Star's request for personal jurisdiction discovery.

Sincerely,

Robert M. Masters
Timothy P. Cremen
for PAUL, HASTINGS, JANOFSKY & WALKER LLP

TPC:TPC

LEGAL_US_E # 78114843.1

---

[10] Further, passive websites do not confer personal jurisdiction. *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 420 (9th Cir. 1997).