Kevin C. McCann (SB# 120874)
PAUL, HASTINGS, JANOFSKY & WALKER LLP
55 Second Street
Twenty-Fourth Floor
San Francisco, CA 94105
Telephone: (415) 856-7000
Facsimile: (415) 856-7100
Email: kevinmccann@paulhastings.com

Robert M. Masters (DC Bar No. 435623)
(*pro hac vice*)
Timothy P. Cremen (DC Bar No. 478705)
(*pro hac vice*)
Bhaskar Kakarla (DC Bar No. 488976)
(*pro hac vice*)
PAUL, HASTINGS, JANOFSKY & WALKER LLP
875 15th St., N.W.
Washington, DC 20005
Telephone: (202) 551-1700
Facsimile: (202) 551-1705
Email: robertmasters@paulhastings.com
Email: timothycremen@paulhastings.com
Email: bhaskarkakarla@paulhastings.com

Attorneys for Defendant
AEROMECHANICAL SERVICES LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| STAR NAVIGATION SYSTEMS GROUP LTD., <br><br> Plaintiff, <br><br> v. <br><br> AEROMECHANICAL SERVICES LTD., <br><br> Defendant. | CASE NO. C 07-4820 (MMC) <br><br> **[PROPOSED] ORDER GRANTING AEROMECHANICAL SERVICES LTD.'S MOTION TO DISMISS STAR NAVIGATION SYSTEMS GROUP, LTD.'S COMPLAINT** <br><br> Date:  June 20, 2008 <br> Time:  9:00 a.m. <br> Place: Courtroom 7, 19th Floor <br> Honorable Maxine M. Chesney |

1  IT IS HEREBY ORDERED THAT:

2  Star Navigation Systems Group Ltd.'s ("Star") Second Amended Complaint is
3  DISMISSED under: (1) Federal Rule of Civil Procedure 12(b)(2); (2) Federal Rule of Civil
4  Procedure 12(b)(7); and (3) this Court's inherent powers to control its docket.

5  Star's Second Amended Complaint is dismissed under Federal Rule Civil Procedure
6  12(b)(2) because this Court cannot reasonably be said to have personal jurisdiction over AMS.
7  AMS has no corporate presence, and conducts no business in California. This Court cannot be
8  said to have general jurisdiction over AMS, because AMS's contacts with the forum are not
9  "substantial, continuous and systematic" (*Doe v. Unocal Corp.*, 248 F.3d 915, 923 (9th Cir.
10  2001)), and do not "'approximate physical presence' in the forum state" (*Schwarzenegger v. Fred
11  Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004)). Nor can this Court be said to have
12  specific jurisdiction over AMS because: (1) AMS has not purposefully availed itself of the
13  privileges of conducting activities in California; (2) Star's claim does not arise out of, or result
14  from, AMS's activities in California; and (3) the exercise of jurisdiction over AMS is not
15  reasonable. *Pennington Seed. Inc. v. Produce Exchange No. 299*, 457 F.3d 1334, 1344 (Fed. Cir.
16  2006).

17  Star's Second Amended Complaint is also dismissed under Federal Rules of Civil
18  Procedure 12(b)(7) because Star, which is only a licensee, has failed to join both of the owners of
19  the '852 Patent by April 30, 2008 in accordance with this Court's April 8, 2008 Order. Although
20  Viraf Kapadia joined Star as a plaintiff in this action, Hillary Vieira did not. Star therefore was
21  required to move to join Mr. Vieira as an "involuntary plaintiff" under Rule 19(a)(2). Star did not
22  do so move the Court, instead simply labeling Mr. Vieira as an "involuntary plaintiff" in its
23  Second Amended Complaint. Nor is it clear that Star would be able to join Mr. Vieira until the
24  Canadian litigation involving the status of the License Agreement between the co-owners and
25  Star is resolved.

26  Star's Second Amended Complaint is also dismissed under this Court's inherent powers to
27  control its docket because the existence of Star's license to the '852 Patent (and thus the
28  possibility of this action continuing) is currently being litigated in Canada. If the Canadian

1  litigation determines that Star's license has been revoked, it cannot proceed with this
2  infringement litigation, and the resources that the court and parties' will have committed to this
3  action will have been wasted.
4
5  Dated: June __, 2008          By: _____
                                     Hon. Maxine M. Chesney
6                                    U.S. District Judge

Case No. C 07-4820 (MMC)                    -2-                [PROPOSED] ORDER GRANTING
                                                               AEROMECHANICAL SERVICES LTD.'S
                                                               MOTION TO DISMISS