1   Jeffrey K. Lee, CA Bar No. 212465
    Kimberly A. Donovan, CA Bar No. 160729
2   GCA LAW PARTNERS LLP
    1891 Landings Drive
3   Mountain View, CA  94043
    Phone No.: (650) 428-3900
4   Fax No.: (650) 428-3901
    Email:  jlee@gcalaw.com
5   Email: kdonovan@gcalaw.com

6   [Additional Plaintiff counsel identified below]

7   Attorneys for Plaintiffs
    STAR NAVIGATION SYSTEMS GROUP LTD.
8   and VIRAF S. KAPADIA

9   Kevin C. McCann (SB# 120874)
    Paul, Hastings, Janofsky & Walker LLP
10  55 Second Street
    Twenty-Fourth Floor
11  San Francisco, CA 94105
    United States of America
12  Telephone: (415) 856-7000
    Facsimile: (415) 856-7100
13  Email: kevinmccann@paulhastings.com

14  [Additional Defendant's counsel identified below]

15  Attorneys for Defendant
    AEROMECHANICAL SERVICES LTD.

16

17              UNITED STATES DISTRICT COURT

18              NORTHERN DISTRICT OF CALIFORNIA

19              SAN FRANCISCO DIVISION

20  STAR NAVIGATION SYSTEMS          Case No.  C 07-4820 (MMC)
    GROUP LTD. and VIRAF S. KAPADIA,
21                                   **JOINT CASE MANAGEMENT
                  Plaintiffs, and    STATEMENT AND [PROPOSED] CASE
22                                   MANAGEMENT ORDER**
    HILARY VIEIRA,
23                                   Honorable Maxine M. Chesney
                  Involuntary Plaintiff,
24                                   Courtroom 7, 19th Floor
    v.
25
    AEROMECHANICAL SERVICES LTD.,
26
                  Defendant.
27

28

Case No. C 07-4820 (MMC)
JOINT CASE MANAGEMENT STATEMENT

Pursuant to Federal Rule of Civil Procedure 26(f), Civil Local Rule 16-9, and the Court's Standing Orders, the Parties to the above-entitled action submit this Joint Case Management Statement and [Proposed] Case Management Order.

Plaintiffs Star Navigation Group Ltd. ("Star Navigation") and Viraf S. Kapadia (collectively referred to as "Plaintiffs") request that the Court adopt it as the Case Management Order in this case.

Defendant AMS requests that this Court defer a decision on whether to adopt this Case Management Order until the Court rules on AMS's Motion to Dismiss Star's Second Amended Complaint (D.I. 67), determines the parties to this case, and determines whether it has subject matter and personal jurisdiction to proceed. Defendant has filed a Motion To Change Time of the CMC Hearing (D.I. 72), accordingly.

## 1. JURISDICTION AND SERVICE

This is an action for patent infringement pursuant to 35 U.S.C. § 271 *et seq.*

**A.    Plaintiffs' Position:** This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1338. Personal jurisdiction is premised on Defendant's purposeful availment of this forum and any other basis identified through discovery. Venue is proper pursuant to 28 U.S.C. §§ 1391 and 1400. The Defendant Aeromechanical Services Ltd. has been served.

**B.    Defendant's Position:** Defendant AMS contends that this Court does not have either subject matter or personal jurisdiction, for at least the reasons set forth in AMS's *Motion to Dismiss* Star's Second Amended Complaint (D.I. 67). AMS believes that Star has failed to cure the subject matter jurisdictional defects pursuant to the Court's Order on April 8, 2008. Namely, Star failed to join Mr. Vieira as a party to this action and did not obtain Court order to join him as an involuntarily plaintiff. In addition, AMS believes that it does not have sufficient contacts with the State of California such that this Court has personal jurisdiction. AMS's *Motion to Dismiss* was filed May 12, 2008, and is scheduled to be heard on June 20, 2008.

## 2. FACTS

**A.    Plaintiffs' Position:** Plaintiff Star Navigation Group Ltd. (Star Navigation) is a Canadian corporation located in Toronto, Ontario Canada. Star Navigation provides computer systems, hardware, and software to the aviation industry for in-flight monitoring of aircraft. U.S.

1   Patent No. 7,113,852 (the '852 Patent) issued on September 26, 2006 to co-inventors Viraf S.

2   Kapadia and Hilary Vieira, who granted an exclusive license to Star Navigation.  Mr. Kapadia

3   voluntarily chose to join the present suit as a co-plaintiff pursuant to the Court's Order of April 8,

4   2008.  Mr. Vieira refused to join the present action voluntarily and thus has been joined as an

5   involuntary plaintiff pursuant to that Order.  Defendant Aeromechanical Services Ltd. (AMS) is a

6   Canadian corporation located in Calgary, Alberta Canada.  AMS sells and offers for sale its

7   Automated Flight Information Reporting System (AFIRS), which gathers, stores, and transmits data

8   from aircraft and delivers that information to AMS's customers.  AMS has at least two publicly-

9   known customers in the United States: Aloha Airlines and North American Airlines.

10          Plaintiffs' believe that the principal factual issues presently in dispute include the following:

11          • Whether Defendant's Automated Flight Reporting System infringes the '852 Patent.

12          • Whether Defendant engaged in conduct that induced another to infringe the '852

13              Patent.

14          • Whether Defendant engaged in conduct that contributed to infringement of the '852

15              Patent by another.

16          • The amount of damages suffered by Star Navigation.

17          **B.**       **Defendant's Position:**  AMS is a Canadian corporation located in Calgary, Alberta

18   Canada.  AMS is a provider of solutions to allow airlines to monitor and manage aircraft operations

19   anywhere, anytime in real-time – reducing costs and improving efficiency.  AMS's primarily services

20   airlines outside of the U.S.  On September 19, 2007, Star filed this action, alleging infringement of the

21   '852 Patent by AMS's AFIRS/UPTIME system.

22          AMS believes that the principal factual issues presently in dispute include:

23          (1) Whether Star has a license to the '852 Patent, and has the necessary rights in the '852

24   Patent to have standing to bring this lawsuit;

25          (2) Whether there has been any infringement of the '852 Patent by AMS's AFIRS/UPTIME

26   service;

27          (3) Whether the '852 Patent is valid;

28          (4) Whether the '852 Patent is enforceable; and

1    (5) Whether, assuming liability, there have been any damages suffered by Star.

2  **3.    LEGAL ISSUES**

3      **A.    Plaintiffs' Position:**  Plaintiffs' believe that the principal legal issues presently in

4      dispute include the following:

5          • Whether Defendant's infringement of the '852 Patent was willful.

6          • Whether this is an exceptional case within the meaning of 35 U.S.C. § 285.

7      **B.    Defendant's Position:**  Defendant AMS believes that there presently are several

8  substantial legal disputes between the parties outside of Star's allegations of infringement.  These

9  issues are described in detail in AMS's currently pending *Motion to Dismiss* (D.I. 67), and are as

10  follows:

11      (1) Whether this Court has personal jurisdiction over AMS because AMS does not have the

12  "minimum contacts with the forum" specified in *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316

13  (1945);

14      (2) Whether Star has complied with the Court's Order of April 8, 2008 because the correct

15  parties have not been joined under Fed. R. Civ. P. 19(a); and

16      (3) Whether Mr Vieira is a proper involuntary plaintiff to this action under Rule 19, F.R.C.P.

17      Subject to the jurisdictional issues identified above, AMS believes that the principal legal

18  issues related to Star's infringement allegations are:

19      (1) Whether AMS has infringed the '852 Patent;

20      (2) Whether the '852 Patent is valid under one or more of 35 U.S.C. §§ 101, 102, 103 and/or

21  112;

22      (3) Whether the '852 Patent is enforceable; and

23      (4) Whether this is an exceptional case within the meaning of 35 U.S.C. § 285.

24  **4.    MOTIONS**

25      **A.    Prior Motions:**  Defendant AMS filed a *Motion to Dismiss* Star's Complaint (D.I. 18)

26  on December 3, 2007, which was removed from the Court's docket when Star filed a *First Amended*

27  *Complaint* (D.I. 28) on December 18, 2007.  AMS then filed a *Motion to Dismiss* Star's First

28  Amended Complaint (D.I. 29) on December 21, 2007, which the Court granted with leave to amend

1   the complaint on April 8, 2008.  There were no other prior motions.

2          **B.     Pending Motions:**  Defendant AMS filed a *Motion to Dismiss* Star's Second

3   Amended Complaint (D.I. 67) on May 12, 2008, to be heard on June 20, 2008.  AMS also filed a

4   *Motion* to reset the date of the CMC hearing to July 25, 2008, to give the Court time to decide AMS's

5   pending *Motion to Dismiss*.  There are presently no other pending motions.

6          **C.     Anticipated Motions:**  The Parties intend to file a proposed Stipulated Protective

7   Order governing the exchange of confidential information in discovery.

8   **5.     AMENDMENT OF PLEADINGS**

9          **A.     Plaintiffs' Position:**  Plaintiffs reserve the right to amend their pleadings to address

10  additional claims after adequate discovery.  Plaintiffs propose February 1, 2009 as the deadline to

11  amend the pleadings.

12         **B.     Defendant's Position:**  Defendant AMS has not yet answered the complaint because

13  it has filed a *Motion to Dismiss* Star's Second Amended Complaint.  If required to answer, AMS

14  reserves its rights to amend its pleadings to address additional defenses, or counterclaims, after

15  adequate discovery.  AMS proposes to set a deadline to amend the pleadings at 30 days after the end

16  of fact discovery, determined according to the schedule in Section 17, below.

17  **6.     EVIDENCE PRESERVATION**

18         The parties have instituted and have maintained a "litigation hold" to preserve all potentially

19  relevant evidence in the case.

20  **7.     DISCLOSURES**

21         The Parties are fully and timely complying with the initial disclosure requirements of Federal

22  Rule of Civil Procedure 26(a) by serving the required Disclosures simultaneously with the filing of

23  this Statement.

24         Supplemental document production in connection with initial disclosures will be made

25  reasonably after entry of a proposed Stipulated Protective Order by the Court.

26         Defendant AMS believes all further disclosures and discovery shall be stayed pending the

27  Court's ruling on AMS's Motion to Dismiss.  Plaintiffs believe discovery should not be stayed.

28

1    **8.    DISCOVERY**

2        No discovery has been taken to date.  Counsel for the Parties have met and conferred

3    regarding the issues specified in Federal Rule of Civil Procedure 26(f).

4        **A.    Written Discovery**

5        **1.    Plaintiffs' Position:**  Plaintiffs will propound written discovery requests

6    consistent with the Federal Rules of Civil Procedure.  Plaintiffs see no reason to modify those

7    limitations governing written discovery at this time.  Plaintiffs further intend to depose one or more

8    corporate representatives of Defendant pursuant to Federal Rule of Civil Procedure 30(b)(6), and any

9    other person(s) with knowledge regarding Defendant's product, sales, and company operations.

10    Plaintiffs also anticipate engaging in third-party depositions and depositions of Defendant's expert

11    witness(es), if any.  Plaintiffs see no reason to modify the limitations governing depositions as found

12    in the Federal Rules of Civil Procedure and the Local Rules.  Plaintiffs sought jurisdictional discovery

13    in response to AMS' first motion to dismiss and may re-serve such requests.

14        **2.    Defendant's Position:**  If this case is not dismissed, Defendant AMS will

15    propound written discovery requests consistent with the Federal Rules of Civil Procedure.  AMS does

16    not believe modifications of those limitations governing written discovery is required at this time.

17    AMS will conduct third-party discovery as necessary.  AMS will also conduct discovery of Plaintiff's

18    expert witness(es), if any.  AMS does not believe jurisdictional discovery is warranted.

19        **B.    Depositions**

20        **1.    Plaintiffs' Position:**  Plaintiffs anticipate engaging in third-party depositions

21    and depositions of Defendant's expert witness(es), if any.  Plaintiffs see no reason to modify the

22    limitations governing depositions as found in the Federal Rules of Civil Procedure and the Local

23    Rules.  Plaintiffs requested depositions of AMS representatives for jurisdictional discovery purposes

24    in response to AMS' first motion to dismiss.  The parties have not yet agreed to go forward with such

25    depositions.

26        **2.    Defendant's Position:**  Defendant AMS intends to depose one or more

27    corporate representatives of Plaintiff Star pursuant to Federal Rule of Civil Procedure 30(b)(6), of

28    Plaintiff Mr. Viraf S. Kapadia, and any other person(s) - including Mr. Hilary Vieira - with

knowledge regarding Star's operations, its purported business, patents and/or any other fact relating to the allegations of this action. AMS will conduct third-party deposition as necessary. AMS will also conduct depositions of Plaintiffs' expert witness(es), if any. AMS does not believe there is a current need to modify the limitations governing depositions as found in the Federal Rules of Civil Procedure and the Local Rules. AMS does not believe jurisdictional depositions are warranted.

**C.    Schedule Regarding Exchange of Initial Disclosures**

The Parties have fully and timely complied with the initial disclosure requirements of Federal Rule of Civil Procedure 26(a). See Section 7, *supra*.

**D.    Anticipated Privilege/Work Product Issues**

The Parties will enter into a mutual Protective Order to safeguard discovery products that are "confidential" or otherwise qualify for restricted inspection rights. Standard objections to disclosure of Attorney-Client Privilege and Work Product items will apply.

**E.    Potential Discovery Disputes**

At this early stage, the Parties do not foresee any specific discovery dispute. The Parties see no reason to modify the limitations governing discovery disputes as found in the Federal Rules of Civil Procedure.

**F.    Preservation of Information and Scope of Electronic Documents Reviewed**

The parties have instituted a "litigation hold" to preserve all potentially relevant evidence including electronic evidence generated in the normal course of business.

**G.    Form of Electronic Document Production**

The parties prefer to receive and produce electronic documents as PDF copies or other fixed electronic file copies unless agreed otherwise.

**9.    CLASS ACTIONS**

Not applicable.

**10.    RELATED CASES**

The Parties are unaware of any other related cases pending before this Court. There is presently an employment breach-of-contract case pending in the Ontario Superior Court of Justice brought by Involuntary Plaintiff Hiliary Vieira against Plaintiff Star Navigation. Defendant believes

1    that Mr. Vieira seeks to have the Canadian Court set aside the license agreement for the '852 patent.

2    Plaintiffs do not agree that Mr. Vieira's unproven allegation is a material part of that case.

3    **11.    RELIEF**

4      **A.    Plaintiffs' Position:**  Plaintiffs seek a permanent injunction, monetary damages,

5    trebled pursuant to 35 U.S.C. § 284, costs, prejudgment interest, and attorneys fees pursuant to 35

6    U.S.C. § 285.

7      **B.    Defendant's Position:**  Defendant AMS has not yet answered the complaint because

8    it has filed a *Motion to* Dismiss Star's *Second Amended Complaint* (D.I. 67), but if AMS's *Motion to*

9    *Dismiss* is not granted, AMS (without limitation) will seek denial of Plaintiff's requested relief, and

10   seek a declaratory judgment that: (1) AMS does not infringe the '852 patent; (2) the '852 patent is

11   invalid; (3) the '852 Patent is unenforceable; and (4) this case is exceptional so that AMS will be

12   awarded its reasonable attorneys fees and costs.

13   **12.    SETTLEMENT AND ADR**

14     **A.    Joint Statement:**  The parties have complied with ADR L.R. 3-5 by filing a *Notice of*

15   *Need for ADR Phone Conference.*  The parties have had no substantive settlement discussions.  The

16   parties believe that no motions or discovery with respect to ADR are needed.

17     **B.    Plaintiffs' Position:**  Plaintiffs would be willing to participate in a settlement

18   conference before a magistrate judge.  Plaintiffs do not believe that ADR, such as non-binding

19   arbitration, early neutral evaluation, or mediation is appropriate in this case.

20     **C.    Defendant's Position:**  AMS does not believe that a settlement conference would be

21   fruitful at this time, and should not occur prior to the Court deciding AMS's *Motion to Dismiss.*

22   However, AMS would be willing to participate in an ENE, should the Court deny AMS's *Motion to*

23   *Dismiss.*

24   **13.    CONSENT TO MAGISTRATE JUDGE FOR TRIAL**

25     The parties do not consent to assignment of this case to a United States Magistrate Judge to

26   conduct all further proceedings, including trial and entry of judgment.

27   **14.    OTHER REFERENCES**

28     The parties believe that this case is not suitable for reference to binding arbitration, a special

master, or the Judicial Panel on Multidistrict Litigation.

**15.   NARROWING OF ISSUES**

The parties will consider joint stipulations and other means to promote trial efficiency after adequate discovery.

**16.   EXPEDITED SCHEDULE**

The parties do not presently believe that this case is appropriate for an expedited schedule.:

**17.   SCHEDULING**

A.   **Plaintiffs' Position:**  Plaintiffs propose the following scheduling deadlines:

1. ADR session: June 23, 2008

2. Close of fact discovery:  January 23, 2009

3. Serve expert disclosures and reports for the party bearing the burden of proof on an issue:  February 23, 2009

4. Serve rebuttal expert disclosures and reports for the party not bearing the burden of proof on an issue:  March 23, 2009

5. Close of expert discovery:  April 23, 2009

6. Deadline for filing dispositive motions:  May 29, 2009

7. Final pretrial conference:  August 28, 2009

8. Trial:  September 28, 2009

B.   **Defendant's Position:**  AMS proposes the following scheduling deadlines:

1. ENE (or other ADR) session: As soon as practicable after Court's ruling on AMS's Motion to Dismiss.

2. Close of fact discovery: 30 days after the Court issues a Claim Construction Order

3. Serve expert disclosures and reports for the party bearing the burden of proof on an issue: 60 days after the Court issues a Claim Construction Order

4. Serve rebuttal expert disclosures and reports for the party not bearing the burden of proof on an issue: 90 days after the Court issues a Claim Construction Order

5. Close of expert discovery: 120 days after the Court issues a Claim Construction Order

6. Deadline for filing dispositive motions: 30 days after the close of expert discovery

1     7.   Final pretrial conference: 90 days after the filing of dispositive motions

2     8.   Trial: TBD

3  **18.    TRIAL**

4         The parties request a trial by jury of all claims properly tried to a jury, and anticipate that trial

5  will last approximately seven to ten trial days.

6  **19.    DISCLOSURES OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

7         **A.    Plaintiffs' Position:**  Plaintiffs previously filed their Corporate Disclosure Statement

8  and Certification of Interested Parties.  Pursuant to Federal Rule of Civil Procedure 7.1, Plaintiffs aver

9  that the co-inventors and licensors of the '852 patent in suit, Viraf S. Kapadia and Hilary Vieira may

10 have a financial interest in the subject matter in controversy.  Further, Plaintiffs aver that there is no

11 parent corporation or publicly held corporation owning ten percent (10%) or more of Plaintiff Star

12 Navigation.  Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the

13 named parties, there is no such interest to report.

14        **B.    Defendant's Position:**  AMS previously filed its Corporate Disclosure Statement and

15 Certification of Interested Parties.  In addition, pursuant to Federal Rule of Civil Procedure 7.1, AMS

16 has no parent company and no publicly held corporation owns 10% or more of its stock.  Further,

17 pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties

18 and those parties identified in the certification of Star, there is no such interest to report.

19 **20.    PATENT-RELATED ISSUES IN ACCORDANCE WITH PAT RULE 2-1**

20        The parties propose: (1) no changes in the deadlines provided for in the Patent Local Rules;

21 (2) to present live testimony at the Claim Construction Hearing; (3) no specific limits on discovery

22 relating to claim construction, including depositions of witnesses, including expert witnesses (other

23 than those already imposed by applicable rules); (4) that Star present first at the Claim Construction

24 Hearing, followed by AMS; (5) that no Claim Construction Prehearing Conference is needed.

25

26

27

28

Daniel P. Albers (admitted *pro hac vice*)
John Wappel (admitted *pro hac vice*)
BARNES & THORNBURG LLP
One N. Wacker Drive, Suite 4400
Chicago, IL  60606
Phone No.: (312) 357-1313
Fax No.: (312) 759-5646
Email:  dalbers@btlaw.com
Email: jwappel@btlaw.com

Christine H. McCarthy (admitted *pro hac vice*)
BARNES & THORNBURG LLP
750 17th Street N.W., Suite 900
Washington, D.C. 20006-4675
Phone No.: (202) 289-1313
Fax No.:   (202) 289-1330
Email:  cmccarthy@btlaw.com

Jeffrey K. Lee, CA Bar No. 212465
Kimberly A. Donovan, CA Bar No. 160729
GCA LAW PARTNERS LLP
1891 Landings Drive
Mountain View, CA  94043
Phone No.: (650) 428-3900
Fax No.: (650) 428-3901
Email:  jlee@gcalaw.com
Email: kdonovan@gcalaw.com

Attorneys for Plaintiff
STAR NAVIGATION SYSTEMS GROUP LTD.

Kevin C. McCann (SB# 120874)
55 Second Street
Twenty-Fourth Floor
San Francisco, CA 94105
United States of America
Telephone: (415) 856-7000
Facsimile: (415) 856-7100
Email: kevinmccann@paulhastings.com

Robert M. Masters (admitted *pro hac vice*)
Timothy P. Cremen (admitted *pro hac vice*)
Bhaskar Kakarla (admitted *pro hac vice*)
875 15th St., N.W.
Washington, DC 20005
Telephone: (202) 551-1700
Facsimile: (202) 551-1705
Email: robertmasters@paulhastings.com
Email: timothycremen@paulhastings.com
Email: bhaskarkakarla@paulhastings.com

Attorneys for Defendant
AEROMECHANICAL SERVICES LTD.

By:___/s/ Timothy P. Cremen (by permission)___

Dated:  May 16, 2008

Attorneys for Defendant
AEROMECHANICAL SERVICES LTD.

By:___/s/ Jeffrey K. Lee_____

Dated:  May 16, 2008

Attorneys for Plaintiff STAR NAVIGATION SYSTEMS GROUP LTD.

## CASE MANAGEMENT ORDER

The Case Management Statement and Proposed Order above is hereby adopted by the Court as the Case Management Order for this case, and the Parties are ordered to comply herewith.

IT IS SO ORDERED

DATED:_____        _____
                                        MAXINE M. CHESNEY
                                        UNITED STATES DISTRICT JUDGE

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **ATTESTATION**

I, Jeffrey K. Lee, am counsel for Plaintiffs Star Navigation Systems Group Ltd. and Viraf S. Kapadia, and the registered ECF user whose username and password are being used to file this document. In compliance with General Order 45 X.B, I hereby attest that the above-identified counsel for Defendant Aeromechanical Services Ltd., concurred in this filing.

Dated:   May 16, 2008

By:   /s/ Jeffrey K. Lee                                    .

1

## CERTIFICATE OF SERVICE

2

3       The foregoing document has been filed with the Court this day though the Court's

4       Electronic Case Filing system, which will provide electronic notice and/or service upon the

        parties listed below:

5

6               Kevin C. McCann
                Paul, Hastings, Janofsky & Walker LLP
7               55 Second Street
                Twenty-Fourth Floor
8               San Francisco, CA 94105
                Telephone: (415) 856-7000
9               Fax: (415) 856-7100
                E-mail: kevinmccann@paulhastings.com
10

11              Robert M. Masters
                Timothy P. Cremen
12              Bhaskar Kakarla
                Paul, Hastings, Janofsky & Walker LLP
13              875 15th Street, N.W.
                Washington, DC 20005
14              Telephone: (202) 551-1700
                Fax: (202) 551-1705
15              E-mail: robertmasters@paulhastings.com
                E-mail: timothycremen@paulhastings.com
16              E-mail: bhaskarkakarla@paulhastings.com

17
                Attorneys for Defendant
18              AEROMECHANICAL SERVICES LTD.

19

20
        Dated: May 16, 2008                    .   /s/ Tina Ernst                .
21

22      CHDS01 465496v1

23

24

25

26

27

28