DANIEL P. ALBERS (admitted *pro hac vice*)
JOHN P. WAPPEL (admitted *pro hac vice*)
BARNES & THORNBURG LLP
One North Wacker Drive, Suite 4400
Chicago, IL 60606
Phone No.: (312) 357-1313
Fax No.: (312) 357-1313
Email: dalbers@btlaw.com
Email: jwappel@btlaw.com

CHRISTINE H. MCCARTHY (admitted *pro hac vice*)
BARNES & THORNBURG LLP
750 17th Street N.W., Suite 900
Washington, D.C. 20006-4675
Phone No.: (202) 289-1313
Fax No.: (202) 289-1330
Email: cmccarthy@btlaw.com

JEFFREY K. LEE, CA Bar No. 212465
KIMBERLY A. DONOVAN, CA Bar No. 160729
GCA LAW PARTNERS LLP
1891 Landings Drive
Mountain View, CA 94043
Phone No.: (650) 428-3900
Fax No.: (650) 428-3901
Email: jlee@gcalaw.com
Email: kdonovan@gcalaw.com

Attorneys for Plaintiff STAR NAVIGATION SYSTEMS GROUP LTD. and VIRAF KAPADIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| STAR NAVIGATION SYSTEMS GROUP LTD., VIRAF KAPADIA, and <br><br>                    Plaintiffs, <br><br> HILARY VIEIRA, <br><br>                    Involuntary Plaintiff, <br><br> v. <br><br> AEROMECHANICAL SERVICES LTD., <br><br>                    Defendant. | Case No. C 07-4820 MMC <br><br> **[PROPOSED] ORDER DENYING DEFENDANT'S THIRD MOTION TO DISMISS; AND GRANTING REQUEST FOR LEAVE TO CONDUCT JURISDICTIONAL DISCOVERY** <br><br> Honorable Maxine M. Chesney <br> Date: June 20, 2008 <br> Time: 9:00 a.m. <br> Place: Courtroom No. 7, 19th Floor |

1    Before the Court is Defendant Aeromechanical Services Ltd.'s ("AMS'") Third Motion to

2    Dismiss.   Defendant Aeromechanical Services Ltd. ("AMS") seeks dismissal of Plaintiffs Viraf

3    Kapadia and Star Navigation Systems Group Ltd.'s ("Star's") Second Amended Complaint wherein

4    Plaintiffs allege AMS infringes a transportation vehicle monitoring patent, U.S. Patent No. 7,113,852

5    (the "'852 patent").

6    AMS argues under Fed. R. Civ. P. 12(b)(7) that co-inventor-owner Hilary Vieira was

7    improperly joined as an involuntary plaintiff through the Second Amended Complaint. AMS ignores

8    the parties' prior briefs identifying Vieira's April 2007 refusal to participate in this action, his legal

9    duty to lend his name to this case, and this Court's resulting April 8, 2008 Order ("Order") allowing

10   Star to file an amended complaint joining Vieira. Star fully complied with the requirements of Fed.

11   R. Civ. P. 12(b)(7) and *Independent Wireless Telegraph Co. v. Radio Corp. of Am.*, 269 U.S. 459

12   (1926). The motion to dismiss for failure to join Vieira is DENIED.

13   AMS asks that this case should be stayed or dismissed without prejudice until a possible

14   determination of Star's license rights in the '852 patent in a pending Canadian employment lawsuit.

15   AMS' request is governed by the international application of *Colorado River Water Conservation*

16   *Dist. v. United States*, 424 U.S. 800 (1976) (the "*Colorado River* doctrine"). *Neuchatel Swiss Gen.*

17   *Ins. Co. v. Lufthansa Airlines*,  925 F.2d 1193 (9th Cir. 1991) (vacating district court stay of federal

18   action in deference to parallel Swiss proceedings under *Colorado River* doctrine). No exceptional

19   circumstances warrant a stay or dismissal here. Indeed, circumstances of this case weigh heavily

20   against such relief.

21   The Canadian case cannot moot this patent infringement action and has not progressed beyond

22   the pleading stage. At most, the Canadian court may find that Star lost its rights to enforce the '852

23   patent for infringement occurring *after* March 6, 2007. Plaintiffs' evidence in the form of AMS' 2004

24   Annual Report establishes that AMS has been offering its accused infringing product for sale at least

25   since 2004. Thus, regardless of the outcome in the Canadian case, Star may continue to enforce the

26   '852 patent to remedy AMS' infringement occurring during the undisputed license term. The

27   Canadian litigation cannot obviate the need for this Court to continue to exercise jurisdiction over this

28   infringement action or remove Vieira's duty to serve as an involuntary plaintiff.

Moreover, the Court will not decline to exercise jurisdiction over Plaintiffs' infringement

Case No. C 07-4820 (MMC)
[Proposed] Order Denying Plaintiff's
Third Motion to Dismiss

1   matter because patent law presents an exclusive area of federal law.    AMS motion to stay or dismiss
2   this action without prejudice is DENIED.

3       AMS also claims that this Court cannot exercise personal jurisdiction because AMS lacks
4   contacts to California, requiring dismissal pursuant to Fed. R. Civ. P. 12(b)(2).   Based on publicly-
5   available information, Plaintiffs have presented *prima facie* evidence that forum-related contacts
6   supporting personal jurisdiction exists, *inter alia*, due to AMS (1) purposefully and intentionally
7   placing its accused product into the stream of commerce by leasing and distributing to registered
8   California businesses for trans-Pacific flights, at least one of which foreseeably and regularly
9   communicated with AMS through the accused product from State airspace and airports, and (2)
10  purposely and foreseeably receiving and directing necessary communications from and to California
11  for use of its accused product while its product units were within State airspace and airports.  The
12  motion to dismiss for lack of personal jurisdiction is DENIED.

13      The Court hereby GRANTS Plaintiffs' request to conduct jurisdictional discovery and adopts
14  the following schedule from the filing date of this order to allow the completion of expedited
15  jurisdictional discovery and a full briefing of the jurisdictional issues presented by AMS:

16
17  A.  ***Jurisdictional Discovery***: Plaintiffs shall have a sixty (60) day period for jurisdictional
    discovery.

18
19  B.  ***Expedited Discovery***: The Court orders the following with respect to jurisdictional
    discovery:

20
21  (1) AMS shall respond to Plaintiffs' Requests for Production of Documents and Things
    within fourteen (14) days of its decision on the present motion;
22  (2) All future responses to written discovery requests shall be reduced from thirty (30) days
    to fourteen (14) days;
23  (3) Third-party responses to any Subpoena Duces Tecum shall occur within seven (7) days;
    and
24  (4) All depositions shall take place on seven (7) days notice.

25  C.  ***Briefing***: Plaintiffs shall file an opposition to jurisdictional issues in response to AMS'
26  Third Motion to Dismiss no later than twenty-one (21) days after the close of jurisdictional
    discovery.  AMS shall have up to and including fourteen (14) days to file a reply.

27
28  D.  ***Hearing Date on Defendant's Motion to Dismiss***: The Court will set a hearing date to
    occur no later than 21 days after shortly after submission of all such briefing.

Case No. C 07-4820 (MMC)
[Proposed] Order Denying Plaintiff's
Third Motion to Dismiss

1

2

3

IT IS SO ORDERED,

4

5

6

DATED: _____    _____

7                                    MAXINE M. CHESNEY
                                     UNITED STATES DISTRICT JUDGE
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. C 07-4820 (MMC)
[Proposed] Order Denying Plaintiff's
Third Motion to Dismiss