DANIEL P. ALBERS (admitted *pro hac vice*)
JOHN P. WAPPEL (admitted *pro hac vice*)
BARNES & THORNBURG LLP
One North Wacker Drive, Suite 4400
Chicago, IL 60606
Phone No.: (312) 357-1313
Fax No.: (312) 357-1313
Email: dalbers@btlaw.com
Email: jwappel@btlaw.com

CHRISTINE H. MCCARTHY (admitted *pro hac vice*)
BARNES & THORNBURG LLP
750 17th Street N.W., Suite 900
Washington, D.C. 20006-4675
Phone No.: (202) 289-1313
Fax No.: (202) 289-1330
Email: cmccarthy@btlaw.com

JEFFREY K. LEE, CA Bar No. 212465
KIMBERLY A. DONOVAN, CA Bar No. 160729
GCA LAW PARTNERS LLP
1891 Landings Drive
Mountain View, CA 94043
Phone No.: (650) 428-3900
Fax No.: (650) 428-3901
Email: jlee@gcalaw.com
Email: kdonovan@gcalaw.com

Attorneys for Plaintiff STAR NAVIGATION SYSTEMS GROUP LTD. and VIRAF KAPADIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| STAR NAVIGATION SYSTEMS GROUP LTD., VIRAF KAPADIA, and<br><br>                           Plaintiffs,<br>HILARY VIEIRA,<br><br>                         Involuntary Plaintiff,<br>v.<br>AEROMECHANICAL SERVICES LTD.,<br><br>                         Defendant. | Case No. C 07-4820 MMC<br><br>**DECLARATION OF BLAIR BOWEN IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT'S THIRD MOTION TO DISMISS; AND REQUEST FOR LEAVE TO CONDUCT JURISDICTIONAL DISCOVERY**<br><br>Honorable Maxine M. Chesney<br>Date: June 20, 2008<br>Time: 9:00 a.m.<br>Place: Courtroom No. 7, 19th Floor |

I, Blair Bowen, declare:

1. I am over the age of eighteen.

2. I am an attorney with the law firm of Fogler, Rubinoff LLP, barristers and solicitors, located in Toronto, Ontario, Canada.

3. I am counsel of record for Viraf Kapadia and Star Navigation Systems Group Ltd. ("Star") in the case given Court File No. CV-07-1406-00, filed on May 3, 2007 in the Ontario Superior Court of Justice by Hilary Vieira against Star and Viraf Kapadia, among others (the "Case"). A true and correct copy of plaintiff Vieira's case initiating document, entitled his Statement of Claim, is attached at Exhibit 1.

4. In the Case, plaintiff Vieira has alleged that Star breached a license agreement with plaintiff Vieira and defendant Kapadia.

5. In paragraph 26 of his Statement of Claim, Vieira contends that ""Vieira and Kapadia are the joint owners of a system and method for transportation vehicle monitoring, feedback and control for which they have been granted a patent. On or about April 22, 2002, Vieira and Kapadia entered into a License Agreement with Star, granting Star exclusive rights to the said patent while the Agreement remained in force and effect."

6. In paragraph 27 of his Statement of Claim, Vieira contends that "Star did not remedy the breach with the result that the Agreement terminated on or about March 6, 2007."

7. In paragraph 1(i) of his Statement of Claim, Vieira seeks an order, if necessary, "setting aside the License Agreement."

8. The allegations by Vieira regarding the license agreement are not a material aspect of the overall Case and might not be resolved by the court in the Case.

Case No. C 07-4820 (MMC)
Declaration of Blair Bowen

9. Star and Kapadia have denied Vieira's allegations in paragraphs 26 and 27 of his Statement of Claim and counterclaimed against Vieira in the Case.

10. A true and correct copy of Star and Kapadia's Statement of Defence and Counterclaim in the Case is attached as Exhibit 2.

11. In paragraph 81 of the Statement of Defence, Star and Kapadia state "On or about April 22, 2002, Vieira and Kapadia entered into a license agreement with Star (the "License Agreement") granting Star exclusive rights with respect to certain patents until the earlier of the expiry of the last of the patents or the termination of the License Agreement."

12. In paragraph 82 of the Statement of Defence, Star and Kapadia state "Contrary to the allegations made in paragraph 27 of the statement of claim, Star has not breached the License Agreement. At no time was Vieira entitled to unilaterally exercise the right of termination under paragraph 9.2 of the License Agreement. Further, at no time did the licensors terminate the License Agreement."

13. In paragraph 83 of the Statement of Defence, Star and Kapadia state "The License Agreement continues to be in full force and effect."

14. The Case was filed on May 3, 2007, and remains at its early stage.

15. The Case has progressed to a stage where the parties have only recently served and responded to their respective allegations and contentions through pleadings pursuant to the Ontario Rules of Civil Procedure.

16. No discovery has occurred in the Case to date.

17. No evidence or documents other than pleadings have been exchanged among the parties in the Case.

18. No case schedule has been imposed on the Case to date.

19. No trial date has been set by the court yet.

Case No. C 07-4820 (MMC)
Declaration of Blair Bowen


20. The court has not addressed any parties' allegations yet.

21. Consistent with Ontario Rules of Civil Procedure, the Case is likely to continue for at least 24 months from this date before being tried.

     I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

     Executed on this day, May 29, 2008, at Toronto, Ontario, Canada.

/s/ Blair Bowen

Case No. C 07-4820 (MMC)
Declaration of Blair Bowen