**EXHIBIT 51**

**Jeffrey Lee**

From: Daniel Albers [Daniel.Albers@BTLaw.com]
Sent: Monday, April 14, 2008 9:39 AM
To: frankie@mcclellandlaw.com
Subject: Hilary Vieira Joining US suit as Plaintiff

 

First Amended    Order granting
Complaint.pdf (1... Defendants MTD....

```
                                        4/14/08
Frances M. Wood
McClelland Law
202 Main Street North
Brampton, Ontario
Dear Mr. Wood,
     I represent Star Navigation in a civil suit for patent infringement pending against
AMS in the Federal District Court for the Northern District of California. A copy of the
first amended complaint in that case and the court's order of 4/8/08 are attached for your
information.
     I write to you as counsel for Hilary Vieira and regarding your letter of 4/5/07 to
Viraf Kapadia. In that letter you agreed on behalf of Mr. Vieira that Star could proceed
with a patent infringement suit in its own name and to keep you advised of the
proceedings. As you can see from the attached order, AMS has raised an argument that Mr.
Vieira needs to be a party to the suit and the court dismissed the first amended complaint
but has allowed a second complaint where Mr. Kapadia and Mr. Vieira are named as parties.
     Please advise as soon as possible if Mr. Vieira agrees that we can name him as a
plaintiff in a second amended complaint and, if not, why not. The court gave us until
4/30/08 to file the amended complaint. If we do not hear from you by 4/18/08 we will
assume he does not agree and proceed accordingly.
     Please call me if you would like to discuss the issue further. Sincerely, Daniel P.
Albers Barnes & Thornburg 1 N. Wacker #4400 Chicago, Illinois 60606-2809 312-214-8311
```

---------------------------------------------
CONFIDENTIALITY NOTICE:  This email and any attachments are for the exclusive and
confidential use of the intended recipient.  If you are not the intended recipient, please
do not read, distribute or take action in reliance upon this message. If you have received
this in error, please notify us immediately by return email and promptly delete this
message and its attachments from your computer system.  We do not waive attorney-client or
work product privilege by the transmission of this message.

TAX ADVICE NOTICE:  Tax advice, if any, contained in this e-mail does not constitute a
"reliance opinion" as defined in IRS Circular 230 and may not be used to establish
reasonable reliance on the opinion of counsel for the purpose of avoiding the penalty
imposed by Section 6662A of the Internal Revenue Code.  The firm provides reliance
opinions only in formal opinion letters containing the signature of a partner.

1  DANIEL P. ALBERS (admitted *pro hac vice*)
2  JEFFREY A. RUPPEL (admitted *pro hac vice*)
   BARNES & THORNBURG LLP
3  One N. Wacker Drive, Suite 4400
   Chicago, IL  60606
4  Phone No.: (312) 357-1313
5  Fax No.:  (312) 357-1313
   Email: dalbers@btlaw.com
6  Email: jruppel@btlaw.com

7  CHRISTINE H. MCCARTHY (admitted *pro hac vice*)
8  BARNES & THORNBURG LLP
   750 17th Street N.W., Suite 900
9  Washington, D.C. 20006-4675
   Phone No.: (202) 289-1313
10 Fax No.:  (202) 289-1330
11 Email: cmccarthy@btlaw.com

12 JEFFREY K. LEE, CA Bar No. 212465
   KIMBERLY A. DONOVAN, CA Bar No. 160729
13 GCA LAW PARTNERS LLP
   1891 Landings Drive
14 Mountain View, CA  94043
   Phone No.: (650) 428-3900
15 Fax No.: (650) 428-3901
   Email: jlee@gcalaw.com
16 Email: kdonovan@gcalaw.com

17 Attorneys for Plaintiff
18 STAR NAVIGATION SYSTEMS GROUP LTD.

19                UNITED STATES DISTRICT COURT
20                NORTHERN DISTRICT OF CALIFORNIA
21                    SAN FRANCISCO DIVISION

22

| STAR NAVIGATION SYSTEMS GROUP LTD., | ) Case No. C 07-4820 (MMC) |
|---|---|
| Plaintiff, | ) |
| v. | ) **FIRST AMENDED COMPLAINT** |
| | ) **DEMAND FOR JURY TRIAL** |
| AEROMECHANICAL SERVICES LTD., | ) Honorable Maxine M. Chesney |
| Defendant. | ) |

Case No. C 07-4820 (MMC)
FIRST AMENDED COMPLAINT

1

Plaintiff, STAR NAVIGATION SYSTEMS GROUP LTD., ("Star Navigation") for its First Amended Complaint against Defendant, AEROMECHANICAL SERVICES LTD., ("AMS") alleges and states:

## PARTIES

1. Star Navigation is a Canadian corporation, with its principal place of business in Toronto, Ontario Canada.

2. AMS is a Canadian corporation with its principal place of business in Calgary, Alberta Canada.

## JURISDICTION AND VENUE

3. This is a complaint for patent infringement pursuant to 35 U.S.C. § 271 *et seq*. This court has subject matter jurisdiction over Star Navigation's claims pursuant to 28 U.S.C. §§ 1331 and 1338.

4. AMS is doing business and has committed acts of infringement, including those alleged herein, within the State of California and/or this judicial district, subjecting it to the jurisdiction of this Court and making venue proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400.

## INTRADISTRICT ASSIGNMENT

5. This is an Intellectual Property Action within the meaning of Civil Local Rule 3-2(c), and is to be assigned on a district-wide basis.

## STAR NAVIGATION'S PATENT

6. On September 26, 2006 United States Patent No. 7,113,852 ("the '852 patent") entitled "System and Method for Transportation Vehicle Monitoring, Feedback

1  and Control" was duly and legally issued to Viraf S. Kapadia and Hilary Viera and

2  assigned to Star Navigation. A true and correct copy of the '852 patent is attached as

3  Exhibit A.

4

5        7.    Inventors Viraf S. Kapadia and Hilary Viera have entered into an agreement

6  providing Star Navigation an exclusive license to the '852 patent.

## DEFENDANT'S INFRINGEMENT

      8.    AMS has been and still is infringing the '852 patent by importing, making, selling, using, operating, supporting, and/or offering to sell devices and/or systems embodying one or more claims of the '852 patent, or inducing or contributing to the infringement by others of the '852 patent, and will continue to do so unless enjoined by this Court.

      9.    AMS has been, and still is infringing, at least claim 23 of Star Navigation's '852 patent by importing, making, selling, using, operating, supporting, and/or offering to sell devices and/or systems including at least AMS's Automated Flight Information Reporting System model 200, (hereinafter referred to as the "Infringing System"). AMS is also inducing or contributing to the infringement by others of the '852 patent, including at least claim 23, by selling or offering to sell to third parties, with the intent to induce infringement, at least the Infringing System.

## THE HARM TO STAR NAVIGATION

      10.    AMS, by its infringing conduct and/or its inducement of infringement by others, has caused Star Navigation irreparable harm for which there is no adequate remedy at law.

      11.    AMS has engaged in its conduct wilfully and in complete disregard of,

Case No. C 07-4820 (MMC)  
FIRST AMENDED COMPLAINT

3

and/or with indifference to, Star Navigation's rights and interests.

12. Star Navigation has suffered and will suffer damage as a result of defendant's infringement.

13. This is an exceptional case as that term is defined in 35 U.S.C. §285.

WHEREFORE, Star Navigation prays that this Court:

1. Enjoin AMS and its officers, agents, servants, employees and attorneys, and those in active concert or participation with them, who receive actual notice of the Order, from importing, manufacturing, using, selling, operating, supporting, and/or offering for sale, devices and/or systems which infringe the '852 patent.

2. Issue an order directing AMS and its officers, agents, servants, employees and attorneys and those in active concert or participation with them who receive actual notice of the Order, to destroy all molds, machines, tooling, or other equipment used in the manufacture, operation, and support of devices and/or systems infringing the '852 patent.

3. Award Star Navigation monetary damages adequate to compensate Star Navigation for past infringement consistent with 35 U.S.C. § 284, up to and including treble the amount of actual damages assessed, together with costs and prejudgment interest.

4. Award Star Navigation its reasonable attorneys' fees pursuant to 35 U.S.C. § 285.

5. Grant and award any and all relief found necessary and proper under these circumstances.

## JURY DEMAND

Star Navigation requests a trial by jury on all its claims.

Case No. C 07-4820 (MMC)
FIRST AMENDED COMPLAINT

4

| | | |
|---|---|---|
| 1 | Dated: December 18, 2007 | Respectfully submitted, |

Daniel P. Albers
Jeffrey A. Ruppel
Christine H. McCarthy
BARNES & THORNBURG LLP

*Local Counsel*:

Jeffrey K. Lee, State Bar No. 212465
Kimberly A. Donovan, State Bar No. 160729
GCA LAW PARTNERS LLP

By: /s/ Jeffrey K. Lee
    Attorneys for Plaintiff STAR NAVIGATION SYSTEMS GROUP LTD.

Case No. C 07-4820 (MMC)
FIRST AMENDED COMPLAINT

## CERTIFICATE OF SERVICE

The foregoing document has been electronically filed with the Clerk of the Court this day through the Court's ECF system, which will provide electronic mail notice and service to all counsel of record, as listed below:

Kevin C. McCann
Paul, Hastings, Janofsky & Walker LLP
55 Second Street
Twenty-Fourth Floor
San Francisco, CA 94105
Telephone: (415) 856-7000
Facsimile: (415) 856-7100
E-mail: kevinmccann@paulhastings.com

Robert M. Masters
Timothy P. Cremen
Bhaskar Kakarla
Paul, Hastings, Janofsky & Walker LLP
875 15th Street, N.W.
Washington, DC 20005
Tel: (202) 551-1700
Fax: (202) 551-1705
E-mail: robertmasters@paulhastings.com,
timothycremen@paulhastings.com, bhaskarkakarla@paulhastings.com

Dated: December 18, 2007                    /s/ Jeffrey K. Lee
                                            Jeffrey K. Lee

CHDS01 JRUPPEL 439354v1

Case No. C 07-4820 (MMC)
FIRST AMENDED COMPLAINT

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STAR NAVIGATION SYSTEMS GROUP LTD., <br><br> Plaintiff, <br><br> v. <br><br> AEROMECHANICAL SERVICES LTD., <br><br> Defendant | No. C-07-4820 MMC <br><br> **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND; VACATING HEARING** |

Before the Court is defendant's Motion to Dismiss, filed December 21, 2007. Plaintiff has filed opposition, to which defendant has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter suitable for decision thereon, VACATES the hearing scheduled for April 11, 2008, and rules as follows.[1]

In its First Amended Complaint ("FAC"), plaintiff alleges that U.S. Patent 7,113,852 (the "'852 Patent"), was issued to Viraf S. Kapadia and Hilary Vieira (collectively, "the inventors"), and that the patent was subsequently "assigned" to plaintiff as the result of the inventors' having granted to plaintiff an "exclusive license." (See FAC ¶¶ 6-7.) Plaintiff

---

[1] In its motion, defendant includes a request for an award of sanctions. The request is DENIED as procedurally improper. See Civil L.R. 7-8.

further alleges defendant has sold products that infringe the '852 Patent. In its motion, defendant argues plaintiff cannot establish its standing to bring the instant action, unless it joins the inventors as parties hereto.

"Only a 'patentee' can bring an action for patent infringement." Mentor H/S, Inc. v. Medical Device Alliance, Inc., 240 F. 3d 1016, 1017 (Fed. Cir. 2001) (quoting 35 U.S.C. § 281). Where an "exclusive licensee holds all substantial rights in the patent," the "licensee is, in effect, an assignee, and, therefore, a patentee." See id. (internal quotation and citation omitted). If, however, an exclusive licensee does not hold all substantial rights in the patent, the exclusive licensee "must join the patent owner in an action brought against an accused infringer." See Propat Int'l Corp. v. Rpost, Inc., 473 F. 3d 1187, 1193 (Fed. Cir. 2007).

The agreement between the inventors and plaintiff, titled "License Agreement," was executed on April 22, 2002. (See Cremen Decl., filed December 21, 2007, Ex. C.)[2] Having reviewed the License Agreement, the Court finds, contrary to plaintiff's argument, that it does not transfer to plaintiff all substantial rights in the patent.

First, under the License Agreement, the inventors retain the "first right to institute proceedings against [an] [i]nfringer," (see id. Ex. C ¶ 10.1), and plaintiff may institute such proceedings only if the inventors "choose not to commence proceedings against the [i]nfringer," (see id. Ex. C ¶ 10.2). A licensor retains "significant ownership rights" in the patent, where, as here, a license agreement provides that the licensor has the "initial right" to sue for infringement and that the licensee "only can sue for infringement in the event [the licensor] fails to do so." See Mentor H/S, 240 F. 3d at 1018; see also Intellectual Property Development, Inc. v. TCI Cablevision of California, Inc., 248 F. 3d 1333, 1344

---

[2] On or about May 3, 2007, Hilary Vieira ("Vieira"), one of the two inventors, filed a complaint in the Ontario Superior Court of Justice against, inter alia, plaintiff and Viraf Kapadia, the other inventor. (See id. Ex. D.) In said complaint, Vieira seeks, inter alia, an order "setting aside the License Agreement," (see id. Ex. D at 4); such request is based on Vieira's allegation that plaintiff has failed to perform its obligations under the License Agreement, (see id. Ex. D at 12). In its opposition to the instant motion, plaintiff represents that the action by Vieira remains pending in a Canadian court.

(Fed. Cir. 2001) (noting "transferee that receives all substantial patent rights from a transferor would never need consent from the transferor to file suit"); Abbott Laboratories v. Diamedix Corp., 47 F. 3d 1128, 1132 (Fed. Cir. 1995) (observing "right to indulge infringements" is right that "normally accompanies a complete conveyance of the right to sue").

Second, the License Agreement identifies the inventors as "the sole legal and beneficial owners of all rights in and to the . . . Patents,"[3] (see Cremen Decl. Ex. C ¶ 7.3(c)), includes a covenant by plaintiff not to "contest, directly or indirectly, the validity of the [inventors'] ownership of the . . . Patents," (see id. Ex. C ¶ 5.6), provides that "nothing in this Agreement will confer on [plaintiff] a propriety interest in the . . . Patents," (see id. Ex. C ¶ 5.8), and states that plaintiff "specifically acknowledg[es] the [inventors'] superior rights" in the '852 Patent, (see id.). Such provisions are similar to those the Federal Circuit has found indicative of a licensor's not having transferred all substantial rights to its licensee. See Propat Int'l Corp., 473 F. 3d at 1191 (holding district court did not err in finding licensee agreement did not transfer to licensee all substantial rights in patent where, inter alia, agreement included provision that licensor "is, and will continue to be, the owner of the patent").

Third, the License Agreement provides that the inventors retain the right to cancel the License Agreement in the event plaintiff fails to comply with the "terms and conditions" set forth in the agreement, (see Cremen Decl. Ex. C ¶ 9.2(a)), which terms and conditions include plaintiff's allowing the inventors to "inspect the facilities and operations of [plaintiff]," (see id. Ex. C ¶ 5.1(b), "adher[ing] at all times to the quality control standards and specifications communicated in writing by the [inventors] to [plaintiff]," (see id. Ex. C ¶ 5.1(d)), "set[ting] its prices and its terms of credit at levels which are commercially reasonable and competitive," (see id. Ex. C ¶ 5.3), and engaging in "intensive, consistent and continuous promotion and advertisement so as to create a public interest in the

---

[3] The agreement provides plaintiff with a license to use three patents, including the '852 Patent. (See Cremen Decl. Ex. C ¶ 1.1(d) and Schedule A thereto.)

3

1 Licensed Property,"[4] (see id.). Again, such provisions are similar to those the Federal
2 Circuit has found do not support a finding that a licensee has received from the licensor all
3 substantial rights to a patent. See Propat Int'l Corp., 473 F. 3d at 1191 (holding where
4 licensor retains right to "terminate the agreement and end all of [the licensee's] rights in the
5 patent if [the licensee] fails to perform up to specified benchmarks" such condition is
6 "indication" licensor "retains a significant ownership interest in the patent").[5]
7     Finally, the License Agreement prohibits plaintiff from assigning its rights in the '852
8 Patent to another "without the prior written consent" of the inventors. (See Cremen Decl.
9 Ex. C ¶ 11.1). "[A] restriction on a transferee's right to assign is a substantial right reserved
10 by the transferor." See Intellectual Property Development, 248 F. 3d at 1345.
11     In sum, the Court finds the License Agreement does not transfer to plaintiff all
12 substantial rights to the '852 Patent, and, consequently, plaintiff lacks standing to bring the
13 instant action, given the inventors are not parties hereto.
14     In its opposition, plaintiff requests, in the event the Court finds the License
15 Agreement does not transfer to plaintiff all substantial rights in the '852 Patent, an
16 opportunity to join the inventors herein. The Court finds its appropriate to afford plaintiff
17 such opportunity. See, e.g., Mentor H/S, Inc. v. Medical Device Alliance, Inc., 244 F. 3d
18 1365, 1373 (Fed. Cir. 2001) (holding licensee's motion to join patent holder properly
19 granted where defendant would not be prejudiced by joinder). Indeed, in the event the
20 inventors are added herein as parties, such joinder would fully address defendant's
21 concern that, in the absence thereof, defendant could be subject to multiple lawsuits based
22 on the same alleged infringement.
23 //
24

---

25 [4]The "Licensed Property" includes the '852 Patent, two other patents, and certain
26 trademarks owned by the inventors. (See id. Ex. C ¶ 1.1(h) and Schedule A thereto.)
27 [5]As noted, in the pending Canadian action filed by Vieira against plaintiff, Vieira
   seeks a finding that the License Agreement has been terminated in light of plaintiff's
28 alleged non-compliance with the terms and conditions thereof. (See Cremen Decl. Ex. D at
   12.)

4

Accordingly, the FAC will be dismissed, without prejudice to plaintiff's filing a Second Amended Complaint in which plaintiff has joined the inventors.[6]

## CONCLUSION

For the reasons stated above, defendant's motion to dismiss is hereby GRANTED, and the First Amended Complaint is hereby DISMISSED, without prejudice to plaintiff's filing, no later than April 30, 2008, a Second Amended Complaint, in which both inventors are named parties.

**IT IS SO ORDERED.**

Dated: April 8, 2008

MAXINE M. CHESNEY
United States District Judge

---

[6] In light of this finding, the Court does not consider defendant's argument that the Court lacks personal jurisdiction over defendant. Further, the Court does not consider defendant's argument, made for the first time in its reply, that the Court should dismiss or stay the instant action in favor of the Canadian action filed by Vieira.

**Jeffrey Lee**

| | |
|---|---|
| From: | frankie@mcclellandlaw.com |
| Sent: | Tuesday, April 15, 2008 4:59 PM |
| To: | 'Daniel Albers' |
| Subject: | RE: Hilary Vieira Joining US suit as Plaintiff |

Dear Mr. Albers
Notwithstanding your statement as set out in the message below, namely;
> "If we do not hear from you by 4/18/08 we will assume
> he does not agree and proceed accordingly",

out of an abundance I take this opportunity to state unequivocally that Mr. Vieira does not agree that you can name him as a plaintiff in a second amended complaint.
Yours truly,

CARMAN McCLELLAND



McClelland Law
A Professional Corporation
*Lawyers*

202 Main Street North
Brampton, Ontario
L6V 1P1
Phone: 905-793-3026 x 204
Fax:   905-793-2446

www.mcclellandlaw.com



Vice-President & President Elect 2007-2008

Vice President Peel Law Association

Email Confidentiality Notice:
This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error. please notify the sender immediately by email and delete the message.
Thank you.

```
-----Original Message-----
From: Daniel Albers [mailto:Daniel.Albers@BTLaw.com]
Sent: Monday, April 14, 2008 12:39 PM
To: frankie@mcclellandlaw.com
Subject: Hilary Vieira Joining US suit as Plaintiff
```

4/14/08
Frances M. Wood
McClelland Law
202 Main Street North
Brampton, Ontario
Dear Mr. Wood,

I represent Star Navigation in a civil suit for patent infringement pending against AMS in the Federal District Court for the Northern District of California. A copy of the first amended complaint in that case and the court's order of 4/8/08 are attached for your information.

I write to you as counsel for Hilary Vieira and regarding your letter of 4/5/07 to Viraf Kapadia. In that letter you agreed on behalf of Mr. Vieira that Star could proceed with a patent infringement suit in its own name and to keep you advised of the proceedings. As you can see from the attached order, AMS has raised an argument that Mr. Vieira needs to be a party to the suit and the court dismissed the first amended complaint but has allowed a second complaint where Mr. Kapadia and Mr. Vieira are named as parties. If we do not hear from you by 4/18/08 we will assume he does not agree and proceed accordingly.

Please advise as soon as possible if Mr. Vieira agrees that we can name him as a plaintiff in a second amended complaint and, if not, why not. The court gave us until 4/30/08 to file the amended complaint.
Please call me if you would like to discuss the issue further.
Sincerely,
Daniel P. Albers
Barnes & Thornburg
1 N. Wacker #4400
Chicago, Illinois 60606-2809
312-214-8311

-------------------------------------------
CONFIDENTIALITY NOTICE:  This email and any attachments are for the exclusive and confidential use of the intended recipient.  If you are not the intended recipient, please do not read, distribute or take action in reliance upon this message. If you have received this in error, please notify us immediately by return email and promptly delete this message and its attachments from your computer system.  We do not waive attorney-client or work product privilege by the transmission of this message.

TAX ADVICE NOTICE:  Tax advice, if any, contained in this e-mail does not constitute a "reliance opinion" as defined in IRS Circular 230 and may not be used to establish reasonable reliance on the opinion of counsel for the purpose of avoiding the penalty imposed by Section 6662A of the Internal Revenue Code.  The firm provides reliance opinions only in formal opinion letters containing the signature of a partner.

## Jeffrey Lee

| | |
|---|---|
| From: | Daniel Albers [Daniel.Albers@BTLaw.com] |
| Sent: | Wednesday, April 16, 2008 7:48 AM |
| To: | frankie@mcclellandlaw.com |
| Subject: | RE: Hilary Vieira Joining US suit as Plaintiff |

4/16/08
Dear Mr. McClelland,
    Thank you for your quick response. I am sorry but I need to impose on you again. Will Mr. Vieira agree to be bound by the outcome of the pending Federal District Court action in California so that we do not need to join him as a non-cooperating party plaintiff? If not, why not? Also, please explain why he will not agree to be named as a party plaintiff? Again, we have a court deadline of April 30, 2008 to file our second amended complaint, so a quick response would be appreciated. Sincerely, Dan Albers 312-214-8311
>>> <frankie@mcclellandlaw.com> 4/15/2008 6:58 PM >>>

Dear Mr. Albers
Notwithstanding your statement as set out in the message below, namely;

    "If we do not hear from you by 4/18/08 we will assume
    he does not agree and proceed accordingly",
out of an abundance I take this opportunity to state unequivocally that Mr. Vieira does not agree
that you can name him as a plaintiff in a second amended complaint. Yours truly,

            CARMAN McCLELLAND


            202 Main Street North
            Brampton, Ontario
            L6V 1P1
            Phone: 905-793-3026 x 204
            Fax:    905-793-2446
            www.mcclellandlaw.com
<http://www.mcclellandlaw.com/>

Vice-President & President Elect 2007-2008

 Vice President Peel Law Association
Email Confidentiality Notice:
This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately by email and delete the message.
Thank you.




-----Original Message-----
From: Daniel Albers [mailto:Daniel.Albers@BTLaw.com]
Sent: Monday, April 14, 2008 12:39 PM
To: frankie@mcclellandlaw.com
Subject: Hilary Vieira Joining US suit as Plaintiff

4/14/08
Frances M. Wood
McClelland Law
202 Main Street North

Brampton, Ontario
Dear Mr. Wood,

  I represent Star Navigation in a civil suit for patent infringement pending against AMS in the Federal District Court for the Northern District of California. A copy of the first amended complaint in that case and the court's order of 4/8/08 are attached for your information.

  I write to you as counsel for Hilary Vieira and regarding your letter of 4/5/07 to Viraf Kapadia. In that letter you agreed on behalf of Mr. Vieira that Star could proceed with a patent infringement suit in its own name and to keep you advised of the proceedings. As you can see from the attached order, AMS has raised an argument that Mr. Vieira needs to be a party to the suit and the court dismissed the first amended complaint but has allowed a second complaint where Mr. Kapadia and Mr. Vieira are named as parties. If we do not hear from you by 4/18/08 we will assume he does not agree and proceed accordingly.

  Please advise as soon as possible if Mr. Vieira agrees that we can name him as a plaintiff in a second amended complaint and, if not, why not. The court gave us until 4/30/08 to file the amended complaint.

  Please call me if you would like to discuss the issue further. Sincerely, Daniel P. Albers Barnes & Thornburg 1 N. Wacker #4400 Chicago, Illinois 60606-2809 312-214-8311

-----------------------------------------

CONFIDENTIALITY NOTICE:  This email and any attachments are for the exclusive and confidential use of the intended recipient.  If you are not the intended recipient, please do not read, distribute or take action in reliance upon this message. If you have received this in error, please notify us immediately by return email and promptly delete this message and its attachments from your computer system.  We do not waive attorney-client or work product privilege by the transmission of this message.

TAX ADVICE NOTICE:  Tax advice, if any, contained in this e-mail does not constitute a "reliance opinion" as defined in IRS Circular 230 and may not be used to establish reasonable reliance on the opinion of counsel for the purpose of avoiding the penalty imposed by Section 6662A of the Internal Revenue Code.  The firm provides reliance opinions only in formal opinion letters containing the signature of a partner.

## Jeffrey Lee

| | |
|---|---|
| From: | Carman McClelland [carman@mcclellandlaw.com] |
| Sent: | Wednesday, April 23, 2008 7:35 AM |
| To: | 'Daniel Albers' |
| Subject: | RE: RE: Hilary Vieira Joining US suit as Plaintiff |

Dear Sir,
At this point I have nothing further to add to our previous communication.

CARMAN McCLELLAND


202 Main Street North
Brampton, Ontario
L6V 1P1
Phone: 905-793-3026 x 204
Fax:    905-793-2446
www.mcclellandlaw.com

Vice-President & President Elect 2007-2008

Vice President Peel Law Association
Email Confidentiality Notice:
This message is intended only for the use of the individual or entity to which it is
addressed, and may contain information that is privileged, confidential and exempt from
disclosure under applicable law. If the reader of this message is not the intended
recipient, you are hereby notified that any dissemination, distribution or copying of this
communication is strictly prohibited. If you have received this communication in error,
please notify the sender immediately by email and delete the message.
Thank you.



-----Original Message-----
From: Daniel Albers [mailto:Daniel.Albers@BTLaw.com]
Sent: Tuesday, April 22, 2008 10:53 AM
To: carman@mcclellandlaw.com
Subject: Fwd: RE: Hilary Vieira Joining US suit as Plaintiff

4/22/08
Mr. McClellan--just following up. Any response re Mr. Vieira and my prior 4/16 email?
Please advise. Thanks Dan Albers



4/16/08
Mr. McClellan-I have attached my 4/16/08 email response directly to your email address.
Dan Albers


------------------------------------------
CONFIDENTIALITY NOTICE:  This email and any attachments are for the exclusive and
confidential use of the intended recipient.  If you are not the intended recipient, please
do not read, distribute or take action in reliance upon this message. If you have received
this in error, please notify us immediately by return email and promptly delete this
message and its attachments from your computer system.  We do not waive attorney-client or
work product privilege by the transmission of this message.

TAX ADVICE NOTICE:  Tax advice, if any, contained in this e-mail does not constitute a
"reliance opinion" as defined in IRS Circular 230 and may not be used to establish
reasonable reliance on the opinion of counsel for the purpose of avoiding the penalty
imposed by Section 6662A of the Internal Revenue Code.  The firm provides reliance
opinions only in formal opinion letters containing the signature of a partner.

**Jeffrey Lee**

| | |
|---|---|
| **From:** | Carman McClelland [carman@mcclellandlaw.com] |
| **Sent:** | Tuesday, April 29, 2008 8:06 AM |
| **To:** | 'Daniel Albers' |
| **Subject:** | RE: RE: Hilary Vieira Joining US suit as Plaintiff |

Dear Sir
In response to your last message; as you know, pursuant to Notice served on your client, it is our position with respect to the previous agreement between our clients that Star Navigation has utterly failed to live up to its obligations and its breach has nullified any agreement which may have
existed.

CARMAN McCLELLAND


202 Main Street North
Brampton, Ontario
L6V 1P1
Phone: 905-793-3026 x 204
Fax:   905-793-2446
www.mcclellandlaw.com

Vice-President & President Elect 2007-2008

Vice President Peel Law Association
Email Confidentiality Notice:
This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error. please notify the sender immediately by email and delete the message.
Thank you.



-----Original Message-----
From: Daniel Albers [mailto:Daniel.Albers@BTLaw.com]
Sent: Monday, April 28, 2008 11:05 AM
To: Carman McClelland
Subject: RE: RE: Hilary Vieira Joining US suit as Plaintiff

4/28/08
Dear Mr. McClelland,
    Attached are file-stamped ccs of the second amended complaint naming your client Mr. Vieira as an involuntary plaintiff as he would not agree to be named, which Star Navigation considers to be a further breach of his agreement with it. In any event, we will send you ccs of the court filings in this matter unless you advise otherwise. Please advise if Mr. Vieira changes his mind and agrees to participate as a named plaintiff in the suit.
Sincerely,
Dan Albers
>>> "Carman McClelland" <carman@mcclellandlaw.com> 4/23/2008 9:35 AM
>>>
Dear Sir,
At this point I have nothing further to add to our previous communication.

CARMAN McCLELLAND


202 Main Street North
Brampton, Ontario
L6V 1P1

Phone: 905-793-3026 x 204
Fax:   905-793-2446
www.mcclellandlaw.com

Vice-President & President Elect 2007-2008

Vice President Peel Law Association
Email Confidentiality Notice:
This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately by email and delete the message.
Thank you.


-----Original Message-----
From: Daniel Albers [mailto:Daniel.Albers@BTLaw.com]
Sent: Tuesday, April 22, 2008 10:53 AM
To: carman@mcclellandlaw.com
Subject: Fwd: RE: Hilary Vieira Joining US suit as Plaintiff

4/22/08
Mr. McClellan--just following up. Any response re Mr. Vieira and my prior 4/16 email? Please advise. Thanks Dan Albers


4/16/08
Mr. McClellan-I have attached my 4/16/08 email response directly to your email address.
Dan Albers


-------------------------------------------
CONFIDENTIALITY NOTICE:  This email and any attachments are for the exclusive and confidential use of the intended recipient.  If you are not the intended recipient, please do not read, distribute or take action in reliance upon this message. If you have received this in error, please notify us immediately by return email and promptly delete this message and its attachments from your computer system.  We do not waive attorney-client or work product privilege by the transmission of this message.

TAX ADVICE NOTICE:  Tax advice, if any, contained in this e-mail does not constitute a "reliance opinion" as defined in IRS Circular 230 and may not be used to establish reasonable reliance on the opinion of counsel for the purpose of avoiding the penalty imposed by Section 6662A of the Internal Revenue Code.  The firm provides reliance opinions only in formal opinion letters containing the signature of a partner.