United States District Court

For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

STAR NAVIGATION SYSTEMS GROUP
LTD., et al.,

             Plaintiffs,

HILARY VIEIRA,

             Involuntary Plaintiff,

  v.

AEROMECHANICAL SERVICES LTD.,

             Defendant
_____/

No. C-07-4820 MMC

**ORDER AFFORDING PLAINTIFFS
LEAVE TO FILE SUPPLEMENTAL
MEMORANDUM RE: DEFENDANT'S
MOTION TO DISMISS; CONTINUING
HEARING; CONTINUING CASE
MANAGEMENT CONFERENCE**

     Before the Court is defendant Aeromechanical Services Ltd.'s ("AMS") Motion to

Dismiss, filed May 12, 2008.  Plaintiffs Star Navigation Systems Group Ltd. and Viraf

Kapadia (collectively, "Star") have filed opposition, to which AMS has replied.  Having read

and considered the papers filed in support of and in opposition to the motion, the Court

finds it appropriate to afford Star leave to file a supplemental memorandum with respect to

two issues raised for the first time, albeit not improperly, in AMS's reply.

**A.  Joinder**

     In its opposition to the motion, in response to AMS's argument that Star has not met

the requirements of Rule 19 with respect to patent owner Hilary Vieira ("Vieira"), Star

argues that the requisite showing has been made to support a finding that Vieira is properly

named as an involuntary plaintiff.  In its reply, AMS points out that Star has failed to allege

1  or argue, let alone offer any evidence to support a finding, that Vieira is outside this Court's

2  jurisdiction, which deficiency, AMS contends, precludes joinder of Vieira as an involuntary

3  plaintiff.

4      Joinder by an exclusive licensee of a patent owner as an involuntary plaintiff is

5  improper in the absence of a showing that, inter alia, the patent owner is "beyond the reach

6  of process."  See Independent Wireless Telegraph Co. v. Radio Corp., 269 U.S. 459, 473

7  (1926).  If the patent owner can be served with process, an exclusive licensee must name

8  the patent owner as a defendant and make him a party by service of process.  See id. at

9  468 ("If the owner of a patent, being within the jurisdiction, refuses or is unable to join an

10  exclusive licensee as coplaintiff, the licensee may make him a party defendant by process,

11  and he will be lined up by the court in the party character which he should assume."); see,

12  e.g., Water Technologies Corp. v. Calco, Ltd., 576 F. Supp. 767, 771 (N.D. Ill. 1983)

13  (affording licensees leave to amend to join patent owner "as a defendant if it can be served,

14  or as an involuntary plaintiff if it cannot be served").

15      Accordingly, the Court finds it appropriate to afford Star leave to file supplemental

16  opposition to set forth why, given Vieira's apparent refusal to agree to be added as a

17  plaintiff, Star should not be required to name Vieira as a defendant and to thereafter make

18  him a party by service of process.

19  **B. Personal Jurisdiction**

20      In its opposition to AMS's motion, in response to AMS's argument that no basis

21  exists for the Court to exercise personal jurisdiction over AMS, Star argues it has evidence

22  suggesting certain facts exist, and further argues such facts, if established, would be

23  sufficient to support a finding of specific personal jurisdiction as to AMS; Star requests an

24  opportunity to take jurisdictional discovery in an effort to establish those facts.  In its reply,

25  AMS points out that Star has failed to show how the factual assertions made in the

26  opposition are relevant to any claim made in the Second Amended Complaint.

27      In order to establish specific jurisdiction over a defendant, the plaintiff must

28  establish, inter alia, "the claim [alleged in the complaint] arises out of or relates to the

1    defendant's activities with the forum state."  See Pennington Seed, Inc. v. Produce

2    Exchange No. 299, 457 F. 3d 1334, 1344 (Fed. Cir. 2006).  Consequently, in the absence

3    of a showing that Star's claims arise out of or relate to the activities as to which Star seeks

4    discovery, leave to conduct such discovery would not be warranted.  See, e.g.,

5    Commissariat a L'Energie v. Chi Mei Optoelectronics Corp., 395 F. 3d 1315, 1323 (Fed.

6    Cir. 2005) (holding plaintiff entitled to jurisdictional discovery where plaintiff made "sufficient

7    threshold showing to merit" discovery).

8          Accordingly, the Court finds it appropriate to afford Star leave to file supplemental

9    opposition to demonstrate how any of the claims alleged herein arise out of or relate to the

10   activities as to which discovery is sought.

11                                   **CONCLUSION**

12         For the reasons stated above:

13         1.  Star shall file, no later than July 18, 2008, any Supplemental Opposition, not to

14   exceed eight pages in length exclusive of exhibits, to address the two issues identified

15   above.

16         2.  AMS shall file, no later than August 1, 2008, any Supplemental Reply, not to

17   exceed six pages in length exclusive of exhibits.[1]

18         3.  The hearing on AMS's motion is hereby CONTINUED from June 20, 2008 to

19   August 22, 2008.

20         4.  The Case Management Conference is hereby CONTINUED from July 25, 2008 to

21   September 19, 2008.  A Joint Case Management Statement shall be filed no later than

22   September 12, 2008.

23         **IT IS SO ORDERED.**

24

25   Dated: June 20, 2008

26                                         MAXINE M. CHESNEY
                                          United States District Judge

27   _____

28         [1]In any such Supplemental Reply, AMS should address Star's proposed schedule for
     jurisdictional discovery.

                                              3