DANIEL P. ALBERS (admitted *pro hac vice*)
JOHN P. WAPPEL (admitted *pro hac vice*)
BARNES & THORNBURG LLP
One North Wacker Drive, Suite 4400
Chicago, IL  60606
Phone No.: (312) 357-1313
Fax No.:  (312) 357-1313
Email:  dalbers@btlaw.com
Email: jwappel@btlaw.com

CHRISTINE H. MCCARTHY (admitted *pro hac vice*)
BARNES & THORNBURG LLP
750 17th Street N.W., Suite 900
Washington, D.C. 20006-4675
Phone No.: (202) 289-1313
Fax No.:  (202) 289-1330
Email:  cmccarthy@btlaw.com

JEFFREY K. LEE, CA Bar No. 212465
KIMBERLY A. DONOVAN, CA Bar No. 160729
GCA LAW PARTNERS LLP
1891 Landings Drive
Mountain View, CA  94043
Phone No.: (650) 428-3900
Fax No.: (650) 428-3901
Email:  jlee@gcalaw.com
Email: kdonovan@gcalaw.com

Attorneys for Plaintiffs  STAR NAVIGATION SYSTEMS
GROUP LTD. and VIRAF KAPADIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| STAR NAVIGATION SYSTEMS GROUP LTD., and VIRAF S. KAPADIA,<br><br>Plaintiffs, and<br><br>HILARY VIEIRA,<br><br>Involuntary Plaintiff,<br><br>v.<br><br>AEROMECHANICAL SERVICES LTD.,<br><br>Defendant. | Case No.  C 07-4820 (MMC)<br><br>**PLAINTIFFS' SUPPLEMENTAL MEMORANDUM OPPOSING DEFENDANT'S MOTION TO DISMISS**<br><br>Honorable Maxine M. Chesney<br><br>Date:  August 22, 2008<br>Time: 9:00 a.m.<br>Place:  Courtroom 7, 19th Floor |

Plaintiffs, Star Navigation Systems Group Ltd. and Viraf S. Kapadia (collectively "Plaintiffs"), pursuant to the Court's Order of June 20, 2008, hereby file a Supplemental Memorandum opposing Defendant's Motion to Dismiss. Plaintiffs address the issues raised by the Court regarding the proper status of Hilary Vieira and Plaintiffs' requested jurisdictional discovery. Plaintiffs submit that Mr. Vieira, named as an involuntary plaintiff, is beyond the jurisdiction of this Court, is not amenable to service of process, and therefore is properly named as an involuntary plaintiff in Plaintiffs' Second Amended Complaint. Plaintiffs further submit that their requested jurisdictional discovery is reasonably calculated to uncover infringing activities by AMS and its customers, subsidiaries, and business partners that occurred and/or are occurring in California.

## ISSUES PRESENTED

I.      Why, given Mr. Vieira's apparent refusal to agree to be added as a plaintiff, Star Navigation should not be required to name Mr. Vieira as a defendant and to thereafter make him a party by service of process? Order, D.I. 86, p. 2 (Jun. 20, 2008).

II.      How Plaintiffs' claims alleged in their Second Amended Complaint arise out of or relate to the activities as to which Plaintiffs seek jurisdictional discovery? Order, D.I. 86, p. 3 (Jun. 20, 2008).

## I.      VIEIRA IS BEYOND JURISDICTION OF THIS COURT AND THUS IS PROPERLY NAMED AS AN INVOLUNTARY PLAINTIFF.

Hilary Vieira is properly named as an involuntary plaintiff in Plaintiffs' Second Amended Complaint because he is a Canadian citizen, domiciled in Canada, having no apparent contacts with the United States, and thus, beyond jurisdiction of this Court. Further, Plaintiffs have requested that Mr. Vieira voluntarily join the present action as a plaintiff, which, through counsel, he has refused to do. Plaintiffs have also repeatedly requested that Mr. Vieira's counsel indicate whether Mr. Vieira would be amenable to service of process as a defendant and asked whether Mr. Vieira has conducted any activities in California, for which no reply has been received.

All co-owners of a patent must consent to join in an infringement suit. *Ethicon, Inc. v. U.S. Surgical Corp.*, 135 F.3d 1456, 1468 (Fed. Cir. 1998). The involuntary plaintiff provision of Rule 19(a) may be invoked where:

(1) the party to be joined has an obligation to permit its name or title to be used to protect rights asserted in the action; (2) is beyond the jurisdiction of the court; and (3) has refused to voluntarily join in the action following notification thereof.

*Sheldon v. West Bend Equip. Co.*, 718 F.2d 603, 606 (3d Cir. 1983).

As one of the co-licensors of the '852 Patent, Mr. Vieira has a duty to lend his name to the present lawsuit brought by exclusive licensee, Star Navigation Systems Group Ltd. *Independent Wireless Telegraph Corp. v. Radio Corporation of America*, 269 U.S. 459, 473 (1945). Further, Plaintiffs' counsel has requested that Mr. Vieira voluntarily join the present action, but Vieira, through counsel, refused to do so. Lee Decl., D.I. 78, Ex. 51. Therefore, whether Mr. Vieira is beyond the jurisdiction of this Court is the only remaining issue to consider in determining whether he is a proper involuntary plaintiff.

In patent cases, Federal Circuit law applies "when analyzing personal jurisdiction for purposes of compliance with federal due process." *3D Systems, Inc. v. Aarotech Labs., Inc.*, 160 F.3d 1373, 1377-78 (Fed. Cir. 1998). Personal jurisdiction over an individual is proper if the individual: (1) purposefully directed its activities at residents of the forum; (2) if the claim arises out of or relates to those activities; and (3) exercise of personal jurisdiction would be reasonable and fair. *Akro Corp. v. Luker*, 45 F.3d 1541, 1545-46 (Fed. Cir. 1995). California's long-arm statute confers jurisdiction to the full extent of federal due process requirements. Cal. Civ. P. Code § 410.10. Thus, a court may assert personal jurisdiction over Mr. Vieira only if he has "certain minimum contacts with [California] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington, 326 U.S. 310*, 316 (1945) (internal quotations omitted).

Plaintiffs have discovered no evidence to date, and therefore cannot allege, that Mr. Vieira purposefully directed any activities at California. In contrast, Mr. Vieira executed an inventor's declaration in connection with the application for the '852 Patent, stating that he is a Canadian citizen residing in Mississauga, Ontario Canada. Wappel Decl., Exh. 1. Mr. Vieira's residence is further confirmed through his own Canadian court pleading, identifying himself as "an individual residing in the City of Mississauga, Ontario" in Canada. D.I. 78-2 (Bowen Decl., Exh. 1) at ¶ 3.

1   No evidence establishes that Mr. Vieira does not still reside in Canada.[1]  Indeed, AMS

2   specifically informed this Court that Mr. Vieira is beyond process and is now estopped from

3   arguing otherwise.  D.I. 49 (AMS Jan. 11, 2008 Mem.) at 7.

4           In light of evidence showing Mr. Vieira's Canadian citizenship and residence, and absent

5   indication of any contacts with California, exercise of personal jurisdiction by this Court is not

6   likely to be reasonable and fair, and thus would not comport with "traditional notions of fair play

7   and substantial justice."  *International Shoe,* 326 U.S. at 316.  Further, Plaintiffs' counsel has

8   requested that Mr. Vieira voluntarily join the present action, which he has refused to do.  Lee

9   Decl., D.I. 79, Exh. 51.  Plaintiffs' counsel also further requested that Mr. Vieira's attorneys

10  indicate whether Vieira would consent to jurisdiction in the Northern District of California and

11  have received no response.  Wappel Decl., Exh. 2.

12          If the Court lacks personal jurisdiction over Mr. Vieira, it would be futile to attempt to

13  serve him and make him a defendant.  *Mende v. Milestone Technology, Inc.*, 269 F. Supp. 2d 246,

14  252 (S.D.N.Y. 2003).  When an individual "is not amenable to *in personam* jurisdiction of the

15  court and not subject to service of process" he is properly named as an involuntary plaintiff.  *JTG*

16  *of Nashville, Inc. v. Rhythm Band*, 693 F. Supp. 623, 628 (M.D. Tenn. 1988) (citing *Independent*

17  *Wireless*, 269 U.S. 459; *Followay Prod., Inc. v. Maurer*, 603 F.2d 72, 74 (9th Cir. 1979)).  Based

18  on the record before the Court, Mr. Vieira does not have minimum contacts with California, thus,

19  personal jurisdiction is lacking.

20          In *Mende*, the court held that because three defendant individuals, all Idaho residents who

21  had been improperly served, lacked sufficient contacts with New York to establish personal

22  jurisdiction, it would be futile to allow the plaintiff to properly serve them.  269 F. Supp. at 252.

23  Similarly, because this Court appears to lack personal jurisdiction, any attempt to name Mr.

24  Vieira as a defendant and make him a party by service of process would be futile.  *Mende*, 269 F.

25  Supp. 2d at 252; *cf. PLS-Pacific Laser Systems v. TLZ Inc.*, 2007 WL 2022020 at *8 (N.D. Cal.

26  Jul. 9, 2007) (granting plaintiff leave to cure improper service of process because assertion of

27

28  [1] Indeed, Star Navigation received a response from Mr. Vieira through his attorney after Star
    Navigation sent notice of its intent to file the present lawsuit to Mr. Vieira at his Mississauga,
    Ontario address.  Lee Decl., D.I. 79, Ex. 3.

personal jurisdiction <u>would not be</u> futile).  Any attempt to affect service of process on Mr. Vieira in Canada, for example through the Hague Convention, would likely be futile because personal jurisdiction over him is lacking and he has refused to participate in the lawsuit.  Attempts to serve Mr. Vieira would result in needless expense and delay.  Further, in view of Mr. Vieira's refusal to voluntarily join the present action and his lack of response regarding consent to jurisdiction, it is highly likely that Mr. Vieira would challenge this Court's exercise of jurisdiction over him, resulting in further expense and delay to all parties.

Accordingly, Mr. Vieira is properly named as an involuntary plaintiff.  Mr. Vieira has an obligation, as one of the licensors, to lend his name to the present suit.  Mr. Vieira is beyond the jurisdiction of this Court and he has refused to voluntarily join the present action.  Therefore, AMS's Motion to Dismiss should be denied.

## II.  PLAINTIFFS SEEK REASONABLE JURISDICTIONAL DISCOVERY REGARDING AMS'S ACTIVITIES OF INFRINGEMENT OR CONTRIBUTING OR INDUCING INFRINGEMENT WITHIN CALIFORNIA.

Plaintiffs seek limited jurisdictional discovery to uncover evidence related to AMS, its customers, subsidiaries, and business partners engaged in infringing activities, as identified by 35 U.S.C. § 271, within California—all related to the accused AFIRS system.  Wappel Decl. Exh. 3; Lee Decl., D.I. 79, Exh. 46.  Plaintiffs proposed limited jurisdictional discovery comprising a Fed. R. Civ. P. 30(b)(6) deposition of AMS and document requests seeking information related to AMS's relationship with Aloha and China Eastern Airlines in California, presence of the AFIRS system in California, AMS's contacts with California, and AMS's activities in the United States. *Id.*  Plaintiffs "may obtain discovery regarding any nonprivileged matter that is relevant to [its] claim [and] . . . reasonably calculated to lead to discovery of admissible evidence."  Fed. R. Civ. P. 26(b)(1); *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005). Jurisdictional "discovery should be granted when, as here, jurisdictional facts are contested or more facts are needed."  *Laub v. U.S. Dept. of the Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003).

AMS contends that personal jurisdiction is lacking, yet information regarding AMS's contacts with California and its relationship with customers, subsidiaries and business partners and their combined activities directed towards or related to California are closely guarded and

1   wholly within the control of AMS.  Plaintiffs specifically alleged that AMS infringes at least

2   claim 23 of the '852 Patent by "importing, making, selling, using, operating, supporting, and/or

3   offering to sell" its AFIRS system in the United States, including California, in violation of 35

4   U.S.C. 271.  D.I. 61 (Second Amended Comp.) ¶¶ 6, 7, 12-13.  Plaintiffs further allege that AMS

5   induces and/or contributes to the infringement of the '852 Patent by others.  *Id*. at ¶¶ 12, 14.

6          Claim 23 of the '852 Patent reads as follows:

7               A **system** for monitoring operation of at least one transportation vehicle
               and generating information based on the monitored operation, the system
8               comprising:

9               an **on-vehicle component that is located on a transportation vehicle**; and
10
               a base-station component that is located at a base-station for monitoring
11               the transportation vehicle,

12               wherein, **the on-vehicle component** monitors data associated with at least
13               one operation criterion of the transportation vehicle during operation of
               the transportation vehicle, compares the monitored data with at least one
14               operation parameter, stores the monitored data and results of the
               comparison of the monitored data with the at least one operation
15               parameter in a first memory, and **transmits the monitored data** to the
               base-station component, and wherein, the base-station component
16               compares the transmitted data with at least one operation parameter, stores
17               the transmitted data in a second memory at the base-station, transmits
               feedback data to the at least one transportation vehicle based on the
18               comparison between the transmitted data with the at least one operation
               parameter, and formulates archived scenario data from the data stored in
19               the second memory that is configured to be used for vehicle operation.
20
    (emphasis added).
21
           Plaintiffs have shown through publicly available sources that AMS's accused AFIRS
22
    **systems** were **installed and used on Aloha Airlines aircraft** regularly flying into and out of
23
    California.  Lee Decl., D.I. 79, Exh. 13, 35, 53, 54.  In fact, AMS admits that its AFIRS systems
24
    were installed on Aloha aircraft and may have **transmitted data from California**.[2]  Jacobs Decl.,
25

26   ───────────────
    [2]   AMS does not deny (1) that its communications from its leased AFIRS units on Aloha's
    airplanes constituted "use" or "operation" of the AFIRS system; (2) that such communications
27   occurred from California airspace or airports.  *See* AMS Jun. 6, 2008 Reply Mem. at 3; Jacobs
    Decl., ¶37 (AMS and its President Darryl Jacobs admitting that Aloha flights with AFIRS
28   systems leased from AMS "could" have transmitted information to AMS while in California
    airspace or airports).  AMS does not argue or submit evidence that it avoided such use or
    operation of the Infringing System by cessation of its data transmissions involving its AFIRS

D.I. 68, ¶ 37.  Plaintiffs have also shown that 20% of AMS's customer base is in the United States.  It is a reasonable subject for discovery to determine whether other airlines, besides Aloha, use the accused AFIRS system in California and whether AMS communicates with the on-vehicle component while the aircraft are located in California, and whether any of AMS's subsidiaries or business partners provides support services for the use of AFIRS systems in California.  Information regarding the identity of customers and aircraft on which the accused AFIRS system is installed—or will be installed—is knowable, but wholly within the possession of AMS.[3]

Further, Plaintiffs seek information regarding whether the on-vehicle component of any accused AFIRS systems has transmitted data from within California.  AMS leases its AFIRS system, communicates with the on-vehicle component of its AFIRS system, and maintains control of its AFIRS system.  AMS does more than merely drop its AFIRS system into the stream of commerce.  Thus, Plaintiffs seek reasonable discovery of information concerning AMS and its customers' infringing use and operation of the accused AFIRS systems, specifically any such uses that may have occurred in California.  AMS necessarily engages in such operation of the AFIRS system, and these activities are directly related to Plaintiffs' claims of patent infringement.

Plaintiffs have also shown through publicly available information that AMS operates at least two subsidiaries, AMS USA and Flyht Corp., in the United States.  Lee Decl., D.I. 79, Exh. 6, 30, 32.  Plaintiffs have further shown that the nature and extent of the activities of these subsidiaries in California is entirely within the control of AMS.  Thus, Plaintiffs seek discovery related to AMS's sales, marketing, service, supply, and other activities related to the accused AFIRS system, conducted through its wholly owned subsidiaries AMS USA and Flyht Corp., and

system when the units entered California.  AMS does not dispute Plaintiffs' evidence establishing that Aloha (now only flying cargo and contract flights) flew passenger flights on Boeing 737 aircraft (for which AFIRS is authorized) to Oakland, Sacramento, Orange County, San Diego.  Even if Mr. Jacobs and AMS are uncertain whether transmissions occurred from AFIRS units within California, the facts of such use of the Infringing System are knowable.  Discovery from AMS should establish that such communications occurred, and likely provide specific information on each such transmission involving California.

[3] AMS so-called "future" business in California is highly relevant.  Past and current contract obligations requiring AMS to direct activities into California that *exist* under AMS' admitted contracts for 726 or so past and future installations (and presumably testing, use and operation) of the AFIRS system is unaddressed by Mr. Jacobs. *See* Wappel Decl. Exh. 5 (July 10, 2008 AMS press release).  The provisions of these contracts likely reveal the extent of AMS activities knowingly and purposefully directed into California – even if not yet accomplished and are therefore highly relevant to jurisdictional discovery.

1    any other AMS subsidiary, directed toward California. It appears that AMS's subsidiaries act as

2    agents on behalf of AMS, and therefore such subsidiaries' contacts with California may be

3    attributable to AMS. Jurisdictional discovery on the issue has a good faith basis.[4]

4        Publicly available sources also show that Raytheon has advertised the AFIRS system via a

5    website, listing its offices in Long Beach, California. Lee Decl., D.I. 79, Exh. 39. Evidence also

6    shows that AMS has connections with Meggitt PLC related to the accused AFIRS system. Lee

7    Decl., D.I. 79, Exh. 17, 18, 19, 20, 30, 36, 38, 50. Plaintiffs have also established that there are

8    numerous Meggitt entities registered to do business in California. *Id.* Thus, Plaintiffs seek

9    discovery related to sales, marketing, installation, and support of the accused AFIRS system by

10   Meggitt PLC, via offices in Simi Valley, California, and any other California location. Again,

11   such discovery is reasonably calculated to show jurisdictional contacts by AMS in California.

12       Through jurisdictional discovery, Plaintiffs seek specific information regarding AMS

13   customer use of the accused AFIRS systems in California and transmission of data from

14   California. Plaintiffs also seek information regarding sales, marketing, installation, service,

15   supply, and support activities related to the accused AFIRS system performed by AMS

16   subsidiaries and business partners on behalf of AMS in California. Further, through jurisdictional

17   discovery, Plaintiffs seek to uncover continuous and systematic contacts with California by AMS,

18   or an entity acting on its behalf, that would be sufficient to confer general jurisdiction over AMS.

19                                    **CONCLUSION**

20       Based on the limited record before the Court, Mr. Vieira is beyond the Court's jurisdiction

21   and therefore, he is properly named as an involuntary Plaintiff in the present action. Further,

22   because Mr. Vieira is a Canadian citizen residing in Canada, this Court lacks personal jurisdiction

23   over him. Thus, it would be futile to attempt to serve Mr. Vieira as a defendant, particularly

---

24   [4]  New public evidence from AMS shows that AFIRS contracts disclose the intended number of
     aircraft to receive AFIRS systems and services and potential installation schedules. Wappel
25   Decl., Exh. 4 (June 12, 2008 AMS press release) ("When a contract is initially signed, the
     intended number of aircraft, pricing and potential installation schedules is agreed to by the
26   parties."); Wappel Decl. Exh. 5 (July 10, 2008 AMS press release) (new North American cargo
     airline increasing "the total aircraft under contract with AMA to 726 from 32 carriers"). As a
27   result, those contracts may likely confirm, *inter alia*, whether AMS purposefully availed itself of
     this forum through existing contracts to install, use and/or operate its AFIRS systems on aircraft
28   foreseeably within California (such as Aloha's regular flights to several California airports).

1  given his previous unwillingness to join this case.  Plaintiffs seek reasonable and limited

2  discovery of information entirely within AMS's control related to its infringing activities and

3  activities of its customers, subsidiaries, and business partners related to the accused AFIRS

4  system, occurring within California.  AMS's motion to dismiss should be denied.  Plaintiffs

5  should be permitted to proceed with their requested jurisdictional discovery.

6

7  Dated:  July 18, 2008                    Respectfully submitted,

8

9                                           By:  _____/s/ Jeffrey K. Lee_____

10                                          Daniel P. Albers (admitted *pro hac vice*)
                                            John P. Wappel (admitted *pro hac vice*)
11                                          BARNES & THORNBURG LLP
                                            One North Wacker Drive, Suite 4400
12                                          Chicago, IL  60606

13
                                            Christine H. McCarthy (admitted *pro hac vice*)
14                                          BARNES & THORNBURG LLP
                                            750 17th Street N.W., Suite 900
15                                          Washington, D.C. 20006-4675

16
                                            Jeffrey K. Lee, State Bar No. 212465
17                                          Kimberly A. Donovan, State Bar No. 160729
                                            GCA LAW PARTNERS LLP
18                                          1891 Landings Drive
                                            Mountain View, CA  94043
19
                                            Attorneys for Plaintiffs
20                                          STAR NAVIGATION SYSTEMS GROUP LTD.
                                            and VIRAF S. KAPADIA
21

22

23

24

25

26

27

28

Case No. C 07-4820 (MMC)
PLAINTIFFS' SUPPLEMENTAL
MEMORANDUM                          -8-

1

**CERTIFICATE OF SERVICE**

2          The foregoing document and supporting papers have been electronically filed with the

3    Clerk of the Court this day through the Court's ECF system, which will provide electronic mail

4    notice and service to counsel of record, as listed below:

5

6          Kevin C. McCann
           Paul, Hastings, Janofsky & Walker LLP
7          55 Second Street
           Twenty-Fourth Floor
8          San Francisco, CA 94105
           Telephone: (415) 856-7000
9          Facsimile: (415) 856-7100
           E-mail: kevinmccann@paulhastings.com
10

11         Robert M. Masters
           Timothy P. Cremen
12         Bhaskar Kakarla
           Paul Hastings
13         875 15th Street, N.W.
           Washington, DC 20005
14         Tel: (202) 551-1700
           Fax: (202) 551-1705
15         E-mail: robertmasters@paulhastings.com, timothycremen@paulhastings.com,
16         bhaskarkakarla@paulhastings.com

17

18

19    Dated: July 18, 2008                    By:    /s/ Jeffrey K. Lee

20    CHDS01 476035

21

22

23

24

25

26

27

28