IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STAR NAVIGATION SYSTEMS GROUP LTD., et al.,<br><br>    Plaintiffs,<br><br>HILARY VIEIRA,<br><br>    Involuntary Plaintiff,<br>v.<br><br>AEROMECHANICAL SERVICES LTD.,<br><br>    Defendant | No. C-07-4820 MMC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; AFFORDING PLAINTIFFS LEAVE TO FILE THIRD AMENDED COMPLAINT; CONTINUING CASE MANAGEMENT CONFERENCE; VACATING HEARING** |

    Before the Court is defendant Aeromechanical Services Ltd.'s ("AMS") Motion to Dismiss, filed May 12, 2008. Plaintiffs Star Navigation Systems Group Ltd. ("Star") and Viraf Kapadia ("Kapadia") have filed opposition, to which AMS has replied. Further, with leave of court, the parties have filed supplemental memoranda. Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter suitable for decision on said submissions, VACATES the hearing scheduled for August 22, 2008, and rules as follows.

    By order filed April 8, 2008, the Court dismissed the First Amended Complaint, finding that Star, a patent licensee, was required to name as parties, and had failed to so name, the two patent owners, specifically, Kapadia and Hilary Vieira ("Vieira"). The Court

1  afforded Star leave to file a Second Amended Complaint ("SAC"), in which Star was
2  required to join the two patent owners as parties hereto. Thereafter, Star filed its SAC, in
3  which it named Kapadia as an additional plaintiff and named Vieira as an "involuntary
4  plaintiff." In its motion to dismiss, AMS argues that Star has failed to meet the
5  requirements of Rule 19 of the Federal Rules of Civil Procedure with respect to the joinder
6  of Vieira as an involuntary plaintiff.

7  A licensee's joinder of a patent owner as an involuntary plaintiff is improper in the
8  absence of a showing that, inter alia, the patent owner is "beyond the reach of process."
9  See Independent Wireless Telegraph Co. v. Radio Corp., 269 U.S. 459, 473 (1926). If the
10 patent owner can be served with process, the licensee must name the patent owner as a
11 defendant and make him a party by service of process. See id. at 468 ("If the owner of a
12 patent, being within the jurisdiction, refuses or is unable to join an exclusive licensee as
13 coplaintiff, the licensee may make him a party defendant by process, and he will be lined
14 up by the court in the party character which he should assume."); see, e.g., Water
15 Technologies Corp. v. Calco, Ltd., 576 F. Supp. 767, 771 (N.D. Ill. 1983) (affording
16 licensees leave to amend to join patent owner "as a defendant if it can be served, or as an
17 involuntary plaintiff if it cannot be served").

18 Here, Star has failed to show why it should not be required to name Vieira as a
19 defendant and to serve him. In particular, Star fails to show that Vieira is beyond the reach
20 of process. Although Star relies on the fact that Vieira resides in Canada, Star fails to
21 explain why Vieira's place of residence places him beyond the reach of process. Indeed,
22 Star was able to serve AMS, also a Canadian citizen, with process. See Fed. R. Civ. P.
23 4(f)(1) (providing person outside United States can be served with process by "international
24 agreed means of service . . . such as those authorized by the Hague Convention); Straub
25 v. A P Green, Inc., 38 F. 3d 448, 452 (9th Cir. 1994) (observing Canada became signatory
26 to Hague Convention in 1989).

27 To the extent Star argues it would futile to serve Vieira because Vieira would be able
28 to show he lacks the necessary contacts with California to warrant a finding of personal

1  jurisdiction, Star's argument is not persuasive.  Assuming, <u>arguendo</u>, Vieira lacks sufficient
2  contacts with California to support a finding of personal jurisdiction, Vieira nevertheless
3  may be subject to personal jurisdiction in this District under Rule 4(k)(2).  Specifically,
4  personal jurisdiction under Rule 4(k)(2) would be proper if Vieira is "not subject to
5  jurisdiction in any state's courts," but has sufficient contacts with the United States such
6  that "exercising jurisdiction is consistent with the United States Constitution and laws."  <u>See</u>
7  Fed. R. Civ. P. 4(k)(2).  Such contacts may exist where a foreign defendant has
8  "purposefully directed [his activities] at the United States," <u>see</u> <u>Pebble Beach Co. v. Caddy</u>,
9  453 F. 3d 1151, 1159 (9th Cir. 2006), or where he has "performed some act or
10 consummated some transaction within the [United States] or otherwise purposefully availed
11 himself of the privileges of conducting activities in the [United States]," and the claim arises
12 out of such activities, <u>see</u> <u>id.</u> at 1155-56.
13       Here, it is apparent that, at a minimum, Vieira purposely availed himself of the
14 privilege of obtaining a monopoly on practicing, in the United States, the inventions claimed
15 in the patent at issue herein, by virtue of his having applied for and received a patent from
16 the United States Patent and Trademark Office.  Although it is unclear whether Vieira has
17 additional contacts with the United States relevant to the instant action, Star has failed to
18 show this Court would lack personal jurisdiction over Vieira, such that Star should be
19 excused from even attempting to serve Vieira with process.
20       In sum, the Court finds Star has failed to show Vieira is properly joined herein as an
21 involuntary plaintiff.  Consequently, Vieira, in his capacity as an involuntary plaintiff, will be
22 dismissed without prejudice, and, as a result of the dismissal of Vieira, the SAC is subject
23 to dismissal.  <u>See</u> <u>Propat Int'l Corp. v. RPost, Inc.</u>, 473 F. 3d 1187, 1194 (Fed. Cir. 2007)
24 (holding exclusive licensee may bring action for infringement only if licensee "joins the
25 patent owner" as a party).
26       The Court next considers whether Star should be afforded leave to amend to name
27 Vieira as a defendant.
28       AMS argues that Star should not be granted further leave to amend because Star

1  failed to comply with the Court's order of April 8, 2008.  Under the circumstances
2  presented, the Court disagrees.  As noted, the April 8, 2008 order directed Star to join
3  Vieira as a party; the order did not, however, direct Star to join Vieira as a defendant.
4  Consequently, although, as discussed above, Star has not shown joinder of Vieira as an
5  involuntary plaintiff is proper, the Court does not find such failure necessarily constitutes a
6  failure to comply with the Court's 2008 order.

7  AMS also argues this Court lacks personal jurisdiction over AMS, with the result that
8  amendment to add Vieira would be futile.  AMS's showing is insufficient to justify denial of
9  amendment at this stage of the proceedings.  Even if, as AMS argues, it lacks sufficient
10 contacts with California to subject it to personal jurisdiction, AMS has conceded having
11 contacts with the State of Hawaii, (see Def.'s Supp. Reply, filed August 1, 2008, at 7-8);
12 such contacts, arguably, bear a relationship to one or more of Star's infringement claims
13 herein.  Thus, if it is shown that AMS is not "subject to the personal jurisdiction of any state
14 court," see Pebble Beach Co., 453 F. 3d at 1159, Star may be able to establish that
15 personal jurisdiction over AMS is proper under Rule 4(k)(2).

16 Accordingly, the Court will afford Star leave to file a Third Amended Complaint, in
17 which it must name Vieira as a defendant.

## CONCLUSION

19 For the reasons stated above, AMS's motion to dismiss the SAC is hereby
20 GRANTED, and the SAC is hereby DISMISSED with leave to amend to add Vieira as a
21 defendant.  Any Third Amended Complaint shall be filed no later than September 5, 2008.

22 The Case Management Conference is hereby CONTINUED from September 19,
23 2008 to December 12, 2008.  A Joint Case Management Statement shall be filed no later
24 than December 5, 2008.

25 **IT IS SO ORDERED.**

27 Dated: August 18, 2008

_____
MAXINE M. CHESNEY
United States District Judge

4