IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STAR NAVIGATION SYSTEMS GROUP, LTD., et al., | No. C-07-4820 MMC |
| Plaintiffs, | **ORDER DENYING DEFENDANT AEROMECHANICAL SERVICES LTD.'S MOTION FOR SANCTIONS; VACATING HEARING** |
| v. | |
| AEROMECHANICAL SERVICES LTD., et al., | |
| Defendants / | |

    Before the Court is defendant Aeromechanical Services Ltd.'s ("AMS") Motion for Sanctions, filed March 31, 2009. Plaintiffs Star Navigation Systems Group Ltd. and Viraf Kapadia (collectively, "Star") have filed opposition, to which AMS has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter suitable for decision thereon, VACATES the hearing scheduled for May 15, 2009, and rules as follows.

    AMS seeks an award of attorney's fees in the total amount of $618,742.47, as a sanction pursuant to the Court's inherent authority and/or 28 U.S.C. § 1927. An award of sanctions under a district court's inherent power must be supported by a finding "tantamount to bad faith." See B.K.B. v. Maui Police Dep't, 276 F.3d 1091, 1108 (9th Cir.

2002) (internal quotation and citation omitted). Similarly, an award of sanctions under § 1927 must be supported by a finding of "subjective bad faith." See id. at 1107.

Here, AMS argues that Star filed and prosecuted the instant action in bad faith. In large part, AMS's argument is based on Star's statement, contained in a press release issued after Star voluntarily dismissed the above-titled action, that Star dismissed the action after concluding any award of damages it might obtain would be outweighed by the costs it would incur in prosecuting the matter. A defendant is not entitled to a dismissal, however, on the ground the plaintiff's prosecution of the case is not practicable from an economic standpoint. Indeed, the Federal Circuit has expressly found that a defendant is not entitled to dismissal on the ground the damages sought by the plaintiff are, in the ordinary sense of the word, "de minimis" in nature. See Embrex, Inc. v. Service Engineering Corp., 216 F.3d 1343, 1349 (Fed. Cir. 2000) (holding "de minimis exception" to infringement only available where defendant's infringing act was performed "for amusement, to satisfy idle curiosity, or for strictly philosophical inquiry"). Consequently, even assuming Star knew prior to the date on which it voluntarily dismissed the action that Star was unlikely to obtain a judgment in excess of Star's costs, such finding would not, by itself, warrant a conclusion that Star filed and/or thereafter prosecuted the instant action in bad faith.

Further, AMS's reliance on Star's multiple amendments of its pleadings is insufficient to support a finding of bad faith or other state of mind that might support an award of sanctions. Star filed the First Amended Complaint as of right under Rule 15(a) and for the purpose of correcting a typographical error. Star filed the Second and Third Amended Complaints with leave of court to address specific deficiencies as to the joinder of the inventors as parties herein. AMS has failed to show the timing of any such amendment was the result of any intent to increase AMS's costs or was determined by any other vexatious or wrongful purpose.

Finally, to the extent AMS argues Star knew it would be unable to establish personal jurisdiction over AMS in California, the Court, without reaching the merits of AMS's motion

2

to dismiss, pending at the time Star voluntarily dismissed the instant action, finds Star's showing was not so devoid of potential merit as to evidence bad faith.  <u>See</u>, <u>e.g.</u>, <u>Merial Ltd. v. Intervet, Inc.</u>, 437 F. Supp. 2d 1332, 1335 (N.D. Ga. 2006) (declining to impose sanctions in patent infringement action where plaintiff's argument in support of standing was not "so frivolous as to warrant sanctions" under § 1927 and/or court's inherent power).

Accordingly, AMS's motion for sanctions is hereby DENIED.

**IT IS SO ORDERED.**

Dated: May 12, 2009

_____
MAXINE M. CHESNEY
United States District Judge